Statement of the case.

69  663
75  719

69  663
f78  536

W. L. HUNTLEY, MARSHAL OF WINONA, *v.* BANK OF WINONA.

1. TAXATION. *Municipalities. Solvent credits. School-tax. Acts of* 1886, 1890.

Since the revenue act of 1890 (Laws, p. 9) prohibits municipalities from levying or collecting a tax on banks, or solvent credits, greater than seventy-five per cent. of the state tax, a town, being a separate school-district, which has levied, for general purposes, the full limit of tax on such solvent credits, cannot levy an additional tax thereon for school-purposes, although, by the act of 1886 (Laws, p. 51), separate school-districts are required to levy a school-tax upon the taxable property therein.

2. SAME. *Banks. Recovering tax illegally exacted.*

Accordingly, a bank which has, under protest, paid to the tax-collector of the town such illegal school-tax upon its assets and solvent credits, may recover the same in an action against the collector.

FROM the circuit court of Montgomery county.
HON. C. H. CAMPBELL, Judge.

By the act of 1886, in relation to public schools (Laws, p. 51), towns constituting separate school-districts, are required to annually levy a tax sufficient to maintain the public schools therein at least three months, besides the constitutional period of four months. By the same act each county is required to levy upon its taxable property a school-tax of three mills or more.

The revenue act of 1890 (Laws, p. 9), provides "that all real estate of any bank or banking association shall be liable to pay taxes—state, county and municipal—according to its value, as other real estate is taxed. Cities and towns are prohibited from levying or collecting any other tax on banks, or on solvent credits, owned by individuals or corporations, greater than seventy-five per cent. of the state tax."

The town of Winona, which is a separate school-district, levied, in 1891, for general purposes, upon the assets and

solvent credits of the Bank of Winona, a tax equal to seventy-five per cent. of the state tax. In addition to this, it levied a tax of three mills, for school-purposes, on such assets and solvent credits. This tax, amounting to $133, the bank paid, under protest, to W. L. Huntley, the tax-collector of the town, and at once brought this action against him to recover it back.

The sole question presented, is whether, in view of the two statutes above referred to, this tax could be legally levied and collected.

The case having been appealed to the circuit court, was submitted to it to be decided without a jury. A judgment was rendered in favor of the bank, and Huntley, the tax-collector, appeals.

*W. S. Hill,* for appellant.

The act of 1890 cannot affect the levy and collection of the three-mill tax for school-purposes required by the act of 1886, for it contemplates a tax purely for municipal purposes; whereas, a school-tax is expressly required, by said act of 1886, to be levied and collected by separate school-districts. This tax is not one purely for municipal purposes.

*Sweatman, Trotter & Knox,* for appellee.

The levy and collection of this tax is plainly prohibited by the act of 1890, since it is not denied that the town is seeking to collect taxes in excess of seventy-five per cent. of the state tax on the solvent credits of the bank.

Cooper, J., delivered the opinion of the court.

The tax in controversy in this case is confessedly in excess of the limitation prescribed by the act of 1890 (Laws, p. 9). It is certainly a tax levied by the municipal authorities of the town of Winona, and, being such, it is forbidden by law, regardless of the purposes for which it was levied.

*Judgment affirmed.*