# CASES ARGUED AND DECIDED

—IN THE—

# SUPREME COURT OF MISSISSIPPI

—AT THE—

## MARCH TERM, 1893.

J. ALEXANDER, TAX COLLECTOR OF GREENVILLE, *v.* G. D. THOMAS, RECEIVER.

1. MUNICIPALITY. *Banks; taxation of. Valuation of stock. Laws* 1890, *p.* 9.

In taxing banks, under the act of 1890 (Laws, p. 9), municipalities have the right to levy seventy-five per cent. of the state tax on the value of the capital stock paid in, as shown by the statement required to be furnished by the bank to the county assessor. In the absence of a showing that the stock is worth more or less, it is to be rated at par.

2. SAME. *Duty of municipal authorities. Assessment.*

If the board of supervisors, in disregard of the statute, assess the capital stock of a bank at less than its value, on the ground that property generally is so assessed, it is the duty of the municipal authorities to disregard this, and assess the stock at its value.

FROM the chancery court of Washington county.

HON. W. R. TRIGG, Chancellor.

On May 1, 1891, the Bank of Greenville, domiciled in Washington county, by its president, W. A. Pollock, delivered to the assessor of the county a written statement, under oath, as follows:

"As required by chapter 2, acts of legislature of 1890, I submit the statement for this bank, to February 1, 1891:

| | | |
|---|---|---|
| No. shares capital stock paid in—2,500 at $100 each . . . | $250,000 | 00 |
| Surplus and undivided profits, net . . . : . . . . . . . . . | 582 | 47 |
| | $250,582 | 47 |

*For assessment—*

| | | | |
|---|---|---|---|
| Estimated value of shares 66⅔ per cent. capital stock, surplus and undivided profits . . . | | $250,582 | 47 |
| Less real estate . . . . . : . . . . . . . . . $ 5,000 00 | | | |
| Less 33⅓ per cent. on par value of stock . . . 83,333 33— | | 88,333 | 33 |
| Amount for assessment . . . . . . . . . . . . . | | $162,249 | 14 " |

By this statement it will be seen that the capital stock, increased by surplus and undivided profits, amounted in value to $250,582.47, but by the latter part of the statement, the valuation "for assessment" was put down at two-thirds of this amount, or $162,249.14, and this latter amount was adopted· by the board of supervisors as the valuation of the capital stock of the bank, and the county taxes were levied accordingly. This was done, it seems, upon the idea that the stock should be taxed at two-thirds of its value, because property· generally was thus rated for taxation.

The assessor of the city of Greenville did not assess the capital stock of the bank in making up the city assessment-rolls. He reported to the council that the president of the bank had refused to make a statement, as required by the act of 1890, and had referred him to the statement which had been made to the county assessor, a copy of which was obtained by the city authorities. Thereupon, the capital stock of the bank was assessed for city taxation for $245,582.47. The bank, through its president, objected to this assessment, claiming that the city was compelled to follow the assessment as made by the county, and that, as other property was not assessed for more than two-thirds of its real value, the capital stock of the bank should not be assessed at a greater sum. The president admitted before the council that the statement

for the county assessor had been made as above shown because other property was taxed at only two-thirds its value. He was informed by the city authorities that if he would state that the capital stock of the bank was worth only two-thirds of its face value, the assessment would be made accordingly. This he declined to do, and withdrew the objection to the assessment.

Afterwards, when the city proceeded to collect taxes, the bank tendered to the collector $425.81, the city taxes due upon the capital stock of the bank upon the two-thirds valuation. The city tax-collector refused to receive this amount in full, whereupon the bill in this case was filed by the receiver of the bank—it having, in the meantime, failed—to enjoin him from collecting the excess. The bill was answered, and, afterwards, there was a decree in accordance with the prayer of the bill, from which this appeal is prosecuted.

*J. H. Wynn*, for appellant.

The city council properly construed the statement made by the president of the bank as to the value of the capital stock, by ignoring that portion of it following the words "for assessment."

The board of supervisors erred in following the latter part of the statement. It is immaterial that other property in the county was taxed at only two-thirds of its value. The object of the act of 1890 was to prevent just what was attempted in this case, the under-valuation of bank stock. The statement was prepared so as to have two meanings, and the latter part of it should have been disregarded.

*Yerger & Percy*, for appellee.

The act of 1890 is inartificially drawn, but its object was to fix a method of arriving at the value of bank stock for taxation. Under heavy penalties, a statement is required to be made and delivered to the county assessor. No method is provided for municipal assessment, no penalties are de-

nounced for a failure to furnish such a statement to the city assessor, no statement is required to be furnished to him; but cities and towns are prohibited from levying more than seventy-five per cent. on the state tax. It was not left for municipal corporations to fix the valuation as they see fit, arriving at it through whatever means their inscrutable wisdom might devise. No governing motive can be discerned in the legislation, if the construction is to be as contended for by appellant—namely, that the *rate* of taxation is seventy per cent. of the state rate, leaving the valuation to be fixed according to the sweet will of the city authorities.

The law means that municipalities may collect seventy-five per cent. of the amount collected for state taxes—seventy-five per cent. on the *valuation fixed as prescribed* in the act of 1890.

CAMPBELL, C. J., delivered the opinion of the court.

The city had the right to levy seventy-five per cent. of the state tax on the capital stock paid in of the bank, as shown by the written statement of its president delivered to the county assessor, and was not bound to, and would not have been justified in, following the error of the board of supervisors in disregarding the express provision of the law, that the stock should be rated at par unless worth more or less. The law, which is highly favorable to banks in imposing taxes, intends that the capital stock shall be paid on at its value, and the par value is fixed as the standard, subject to be varied by the facts. The idea that the stock is to be rated at two-thirds of its par value, because property generally is rated thus, is utterly inadmissible.

*Decree reversed, and cause remanded with directions for a decree by the court below in favor of the appellant against appellee and sureties on injunction bond for amount of taxes enjoined and ten per centum thereon, and all costs.*