WIRT ADAMS, STATE REVENUE AGENT, *v.* BANK OF OXFORD.*

1. CONSTITUTIONAL LAW. *Laws* 1890, *pp.* 8, 9. *Constitution* 1869, *art.* 12,
   sec. 20. *Equal and uniform taxation.*

   That part of the revenue act approved February 4, 1890 (laws 1890,
   pp. 8, 9), which provides a distinct scheme for the imposition of
   *ad valorem* taxes on banks, is not violative of sec. 20, art. 12, con-
   stitution of 1869, requiring taxation to be equal and uniform.

2. SAME. *Classification of property. Constitution* 1890, *sec.* 112.

   Under the constitution of 1869 the subjects of taxation could be
   classified at the discretion of the legislature, and if all of the same
   class were taxed alike there was no violation of the equality and
   uniformity therein required. The rule is different under consti-
   tution 1890, sec. 112. *Adams* v. *Bank,* 75 Miss., 701.

3. STATUTORY CONSTRUCTION. *Stare decisis.*

   Where rights have been vested under the law, as settled by former
   decisions of the supreme court, they will not be disturbed, except
   in case of clear necessity and positive conviction of error, or where
   the decisions contravene some fundamental rule of public policy.

FROM the circuit court of Lafayette county.

HON. Z. M. STEPHENS, Judge.

Adams, state revenue agent, appellant, was the plaintiff, and
the Bank of Oxford, appellee, was defendant, in the court be-
low. The act of 1890 (p. 9) provides that cities and towns are
prohibited from levying or collecting any tax on banks or sol-
vent credits greater than seventy-five per centum of the state
tax thereon. In 1890 and 1891 the property of the Bank of
Oxford was assessed by the municipal authorities of the town
of Oxford the same as other property in the town, and the levy
of town taxes thereon was the same as the levy on other prop-
erty. It, however, paid as town taxes only a sum equal to
seventy-five per centum of the state taxes on its property, which

---

*Judge Calhoon being disqualified to sit in this case, recused himself. Ben. H. Wells,
Esq., was appointed and acted as special judge in his place.

sum was much less than the town tax on other property of like value. This suit was brought to collect the balance for the town, the state revenue agent being authorized to sue in such cases. The declaration was demurred to in the court below, the demurrer was sustained and the suit dismissed, and the plaintiff, the revenue agent, appealed to the supreme court. The facts are otherwise stated in the opinion of the court.

*Mayes & Harris*, for appellant.

This case is settled by the decision of this court in *Adams* v. *Bank*, 75 Miss., 701. The decision of the court in that case was pointedly and expressly placed upon the proposition that the similar clause in the act of 1894 was violative of the equality and uniformity clause of the constitution. It is true that the case cited was decided under the constitution of 1890, but it is also true that the equality and uniformity clause in the two constitutions is the same. See our brief in that case.

Equality of taxation means apportioning the contributions of each person towards the expenses of government so that he shall feel neither more nor less inconvenience from his share of the payment than every other person experiences. *Kirby* v. *Shaw*, 15 Pa. St., 258; Mills on Pol. Econ., bk. 5, ch. 2, par. 2; *Norris* v. *Waco*, 57 Tex., 635, 641.

That taxation shall be uniform means that the course or mode in levying or laying taxes shall be uniform. Each step must be uniform; the rate must be uniform. *New Orleans* v. *Davidson*, 30 La. Ann., 555; *Knowlton* v. *Supervisors*, 9 Wis., 410; *Weeks* v. *Milwaukee*, 10 Wis., 242.

A tax on real estate only is not uniform. *Gillman* v. *Sheboygan*, 2 Black, 510; *Muscatine* v. *Railroad Co*, 1 Dill., 526; *Winter* v. *City*, 65 Ala., 403; *Columbus Ry. Co.* v. *Wright*, 89 Ga., 574, 593, 594.

This act violates the *ad valorem* rule, because, in effect, it is that the tax collected shall be without real reference to value. It is a delusion and a disguise in so far as it professes to be such.

*Johnston* v. *Macon*, 62 Ga., 645; *Atlantic R. R. Co.* v. *Cartaret Co.*, 75 N. C., 474; *Chesire* v. *Berkshire*, 118 Mass., 386; *Telegraph Co.* v. *Poe*, 61 Fed. Rep., 449; *Hogg* v. *McKay*, 23 Ore., 339.

*Kimbrough & Kimbrough*, for appellee.

There seems to us to be one question in this case that ought to settle it. It is whether the greater includes the less. Whether the power to exempt from taxation entirely contains the power to exempt partially. This case falls under the constitution of 1869. In *Miss. Mills* v. *Cook*, 56 Miss., 40, it was settled that "uniformity and equality" did not prevent the legislature from selecting the property to be taxed, and exempting some from taxation altogether.

To hold taxation is "uniform and equal," when some is taxed and some is exempt, but not equal and uniform when the exempt is partially taxed, is beyond comprehension. This court must choose one horn of the dilemma—uphold no legislation that exempts any property or uphold legislation that partially exempts.

The decisions under the constitution of 1869 are uniform in favor of the power to exempt in the discretion of the legislature. The power to exempt in whole necessarily includes the power to exempt in part.

The decision in *Adams* v. *Bank*, 75 Miss., 701, may be sustained, possibly, by the changes in the constitution, which changes were undoubtedly made, in part at least, to meet former decisions of this court.

This court has expressly said that "the subjects of taxation may be classified at the discretion of the legislature, and if all of the same class are taxed alike there is no violation of the equality and uniformity required by the constitution. *Vicksburg* v. *Worrell*, 67 Miss., 47.

*James Stone* and *Green & Green*, on same side.

The decision of this court in *Vicksburg* v. *Worrell*, 67 Miss.,

47, and other cases, sustain the constitutionality of the act of 1890. If so, and the doctrine there announced is to be followed, then it is clear the power of the town of Oxford to tax appellee for the years 1890 and 1891 was limited to 75 per centum of the state tax for the respective years. It is true this court, in the case of *Adams* v. *Bank*, 75 Miss., 701, announced a contrary doctrine on the act of 1894, but that decision was based upon the constitution of 1890. The court in that case did not overrule those cases based on the constitution of 1869, and did not indicate what its decision would be on that constitution.

BEN H. WELLS, Special J., delivered the opinion of the court.

This suit was brought by the state revenue agent in the circuit court of Lafayette county to recover certain balances of municipal taxes claimed to be due by the Bank of Oxford for the years 1890 and 1891 to the city of Oxford. The Bank of Oxford paid municipal taxes in 1890 and 1891 to an amount equal to seventy-five per centum of the state tax. It paid municipal taxes for those years in accordance with the provisions of the act of the legislature of 1890. The effort in this case is to have the act of the legislature of 1890 (pp. 8, 9) declared to be in conflict with section 20, article 12, of the constitution of 1869, and therefore void.

In the case of *Adams*, v. *Bank*, 75 Miss., 701, this court decided that a similar act of the legislature, passed in 1894, was violative of section 112, constitution of 1890, and was null and void. Counsel for appellant relies upon the opinion in that case, and we are asked to give the views therein expressed a retroactive effect and to declare the act of the legislature of 1890 void under the "equality and uniformity clause" of the constitution of 1869. We adhere to the decision of the court in the case of *Adams* v. *Bank*, 75 Miss., 701, believing it to be right upon principle and authority, but we decline to give it any retroactive effect so as to make the views therein expressed

apply to actions arising under laws which were passed prior to the adoption of section 112, constitution of 1890. Prior to the adoption of section 112, constitution of 1890, the "uniformity and equality" clause of the constitution of 1869 had been the subject of repeated judicial interpretation. In a line of decisions beginning with *Daily* v. *Swope*, 47 Miss., .367, including *Vassar* v. *George*, 47 Miss., 713; *Mississippi Mills* v. *Cook*, 56 Miss., 40; *Vicksburg Bank* v. *Worrell*, 67 Miss., 47, and other cases, the court had gradually come to a judicial expression of the view that "the subjects of taxation may be classified at the discretion of the legislature, and if all of the same class are taxed alike, there is no violation of the equality and uniformity required by the constitution."

The conclusion of the court announced in these cases was accepted and uniformly acted upon prior to the adoption of the constitution of 1890. It was with the light of the judicial interpretation announced in these cases before it that the constitutional convention of 1890 adopted section 112, which provides that property shall be assessed for taxes at its true value.

Construing this, in some respects new, section of our organic law, this court, in the case of *Adams* v. *Bank*, *supra*, declared that the act of the legislature of 1894 was void, but where, in matters of statutory construction, rights have been vested in transactions under the law as settled by former decisions of this court, they will not be disturbed by departing from such decisions, except in case of clear necessity and positive conviction of error, or where the decisions contravene some fundamental rule of public policy.

It may be observed that in the cases of *Winona* v. *Bank*, 69 Miss., 663, and *Alexander* v. *Thomas*, 70 Miss., 517, the validity of the act in question has been by this court upheld. It follows from the views above that the judgment of the court below must be

*Affirmed.*