## STATE REVENUE AGENT *v.* C. J. HILL ET AL.

1. REPEAL OF STATUTE.  *Laws* 1890, *p.* 25.  *Code* 1892, *ch.* 126.  *Revenue agent.*

   The act of 1890 (Laws, p. 25), providing for the collection of delinquent revenue by the state revenue agent, was repealed by the adoption of chapter 126, code 1892, relating to the same general subject.

2. REVENUE AGENT.  *Suit by, abated.  Repealed statute.  Code* 1892, *ch.* 126.

   Said chapter 126, code 1892, does not authorize the state revenue agent to sue an assessor for taxes lost because of his failure to assess the same, and a pending suit, brought by him under the act of 1890, to recover taxes so lost, was abated April 2, 1892, upon the adoption of the code chapter which repealed said act.

3. SAME.  *Code* 1892, § 4; *effect of.  Suit under repealed statute.*

   Such pending suit was not saved by § 4, code 1892, declaring that the repeal of any statute by the code provisions should not affect any suit commenced, etc., because this section, though adopted as a part of the code April 2, did not take effect until November 1, 1892.

4. CONSTITUTIONAL LAW.  *Legislative power.  Creating additional offices.*

   The legislature may create offices or agencies not specifically provided for in the constitution, subject to the limitation that there must be no invasion of the plan of the fundamental law, and nothing done inconsistent with the unobstructed operation of any of its provisions.

5. SAME.  *State revenue agent; his powers.*

   Accordingly, while the constitution provides for various state and county officers, and makes no mention of state revenue agent, it is competent for the legislature to provide for the selection of such officer, and to arm him with the power to bring any action which the state or any of its political subdivisions could bring.

6. CODE 1892. *Validity. Adoption. Chapter* 126. *State revenue agent.*

Chapter 126, code 1892, relative to state revenue agent, was lawfully adopted as part of the code. *Hunt* v. *Wright, post.*

FROM the circuit court of Warren county.

HON. J. D. GILLAND, Judge.

This action was instituted December 21, 1891, by Wirt Adams, state revenue agent, under the act of February 22, 1890, against Carter J. Hill, late assessor of Warren county, and the sureties on his official bond, to recover certain taxes which, it is claimed, were lost to the state and to Warren county, by reason of his failure to assess the Vicksburg Bank and the Mississippi Home Insurance Company during the years 1888 and 1889, as required by § 498, code 1880.

Section 557, code 1880, referred to in the opinion of the court, is as follows:

"The assessor and collector, with their sureties, shall be severally held liable, and bound to pay on their bonds, to the county or state, the full amount of all sums lost to the state or county, respectively, from the failure or neglect of such assessor to assess, return or otherwise faithfully to complete his assessment, or from any neglect of the collector to collect the taxes assessed."

From a judgment sustaining the demurrer of defendants and dismissing the suit, this appeal is prosecuted.

The opinion contains a further statement of the case.

*Calhoon & Green,* for appellant.

1. The language of the act of 1890 is broad enough to include this action, which was brought after the decision of this court in *State* v. *Vicksburg Bank,* 69 Miss., 99, wherein it was decided that the remedy in a case like this is against the assessor's bond.

2. The serious question is whether chapter 126, code 1892, repealed the act of 1890 so far as it gave the revenue agent the right to recover from assessors under § 557, code 1880; and, if so, whether a pending action was abated thereby.

Said chapter 126 gives the right to sue for "revenue improperly withheld." Section 557, code 1880, creates a liability against the assessor for taxes lost through his neglect. The assessor is made liable in place of the tax-payer, who escapes. This is revenue due the state. Upon the principle that it is a present, fixed liability without assessment, the court, in the case above cited, held the action maintainable.

3. But if the act of 1890 was repealed by the adoption of the code chapter, it did not abate this suit, which was duly commenced under said act of 1890. The suit is saved by the express provisions of § 4, code 1892.

*Martin Marshall,* for appellees.

1. Under the act of 1890, the authority of the state revenue agent to sue extended to only three classes of cases: (1) where the officer charged with the duty of collecting had collected and failed to pay over; (2) where he had obtained improper credits in settlements of his accounts; (3) where there is public revenue due under any law of this state, which is delinquent. It did not include this case.

2. The right to maintain the suit was not given by chapter 126, code 1892, if it be in force, because, in the first place, it was adopted after the suit was instituted, and in the next place the chapter does not specifically authorize a suit of this kind. · Statutes granting powers are to be strictly construed. Sutherland on Stat. Con., § 392. Statutory remedy or proceeding is confined to the very case provided for, and extends to no other. *Ib.,* 392, 393.

3. Said chapter 126, code 1892, repeals the act of 1890 by implication. Sutherland on Stat. Con., § 137 *et seq.* It makes no provision for pending suits.

4. It seems that this suit was brought upon the dictum of this court in *State* v. *Vicksburg Bank,* 69 Miss., 99. It was not intended by the language there used to declare that the *revenue agent* could maintain the suit on the officer's bond under § 557, code 1880. This case is an illustration, however,

of the "tendency of such dicta to uphold a doctrine or point, which, perhaps, on examination, cannot be sustained, while the support which the doctrine derives from the dictum is sufficiently powerful to invite litigation."

*Dabney & McCabe*, on the same side.

1. The legislation creating the office of state revenue agent is unconstitutional. The constitution of 1890 provides for various state and county officers, prescribes their qualifications, and fixes the term of office of each. The law providing for the appointment of the revenue agent was in force when the constitution was adopted, yet that instrument nowhere mentions such an officer. There was an implied silent abolition of the office and officer, and the duties he had performed were parceled out among designated constitutional officers.

2. An inspection of the act of 1890, under which this suit was brought, will show that the suit was unauthorized. By a curious oversight the revenue agent was not authorized to sue the assessor. The language used by this court in *State* v. *Vicksburg Bank*, 69 Miss., 99, will not support the position that the revenue agent may bring suit against the assessor under § 557, code 1880. That section provides for suit, but it must be brought by the person expressly authorized. *French* v. *State*, 53 Miss., 651.

3. If the act of 1890 authorized this suit, it was repealed by the adoption of chapter 126, code 1892, approved April 2, 1892. As the suit was brought December 21, 1891, under the act of 1890, it went with the repeal of that act.

Section 4, code 1892, which provides for the maintenance of pending suits in cases of repeal by the adoption of the code, does not save this suit, for that section was not to go into effect until November 1, 1892. The suit was left without authority on the adoption of the code chapter, April 2, 1892.

4. We are informed that the act relating to state revenue

agent, chapter 126, code 1892, was passed within five days next before the close of the legislative session, in violation of § 68 of the constitution, and without a three-fifths vote of the members of each house, required by § 70. This being so, it failed to become a law. We make this point with some diffidence, however, as we have not a copy of the journals.

CAMPBELL, C. J., delivered the opinion of the court.

This action was brought under the act of 1890, creating the office of state revenue agent, before it was superseded and repealed by the act of April 2, 1892, on the same subject. There is no question of the right of the state, or any county, to maintain an action by virtue of § 557 of the code of 1880, but the question is as to the right of the revenue agent to do it, and its solution depends on whether it is conferred by law. Undoubtedly the act of 1890 was repealed by the code chapter taking its place on April 2, 1892, and the fourth section of the code of 1892, invoked by counsel for the appellant to save pending suits from abatement by the repeal of the law sustaining them, did not take effect until November 1, 1892. The blunder was committed of causing a number of acts, constituting parts of the code, to take effect immediately, without any saving clause, except one to become operative on November 1, 1892, after the mischief was done in some instances; but, while no saving clause was adopted as to these acts, where the old law was re-enacted by the new, actions pending by virtue of the old did not fall, because the law, being continued as before, there was no instant when it was not in force, and no gap into which the suits previously begun would fall. *Anding* v. *Levy*, 57 Miss., 51.

Therefore, if this action was maintainable by virtue of the act of 1890, and the same right is continued by the act of April 2, 1892, constituting chapter 126 of the code of 1892, the action did not fall merely by the transition from one law to another.

The act of 1890 (Laws, p. 25) has been the subject of re-

peated examinations by us, and every word in it has been *pondered* to ascertain the import of all it contains, and we have no hesitation to declare that no other interpretation can be made of sections 2 and 3 of the act (and these alone, if any, contain the right), excluding the last clause of section 3, except that the power conferred has reference to fiscal officers engaged in *collecting* revenues. The last clause of section 3 is general : *"Where there is public* revenue of any kind whatsoever, due under any law of this state, which is delinquent, and which, for any reason, has escaped collection."* It is difficult to conceive of revenue being *delinquent,* for *delinquency* is predicable of persons only, and not of things, which cannot commit an offense; but this is merely verbal criticism, and the question is whether a liability under § 557 of the code of 1880 can be said to be *revenue due* under any law, and which has escaped collection, and of this there are certainly serious doubts, generated by the language employed and its connection.

Even if the action could be maintained under the former act, as it was repealed by the code chapter, the question arises as to a continuation of the law giving the action by embracing it in the new act. We have examined that with great care, and with anxiety to maintain the right of the revenue agent to sue in this class of cases, but have searched in vain for the grant of power to sue for a liability to the state or county for a specific failure of duty, as provided for by § 557, code of 1880, and § 3849, code of 1892, in both of which specific provision is made for suit being caused to be instituted by any tax-payer who will become responsible for the costs of suit. Very large powers are conferred by chapter 126, but it contains no provision from which can be fairly deduced the grant of power to maintain this particular class of actions. The act shows a studied effort to confer very extensive powers on the agent, but a clear omission to embrace this particular, and, as we think, very proper one. Therefore, if it were conceded that this action was maintain-

able under the act of 1890, it fell with the adoption of the code chapter, which does not contain any provision for such an action.

But it is urged by counsel for the appellees that the code chapter was not adopted in the mode prescribed by the constitution, and that it is not law. If this were true, it would not benefit the appellees, as must appear from what has been said, for there is more ground for the claim that the act of 1890 confers the right of action in this case, than that the code chapter does, and, if the code chapter was not made law, the act of 1890 remained in force. But this objection is met and disposed of by the opinion of this court in *Hunt* v. *Wright, post.*

A vigorous assault is made by the counsel for the appellees on the act creating the office of " state revenue agent," and it is argued that the whole legislation on this subject is unconstitutional, as introducing an officer unknown to the constitution, and contrary to it, because all officers deemed necessary by the framers of that instrument were provided for in it, and this officer was not thus provided for.

We agree that the legislature may not invade or disregard the constitutional scheme for assessing and collecting taxes. It cannot substitute any other for those provided by the constitution for assessing and collecting. It cannot set aside or dispense with the officials provided by that instrument for these duties. It cannot create a right of action in order to confer it by reason of past transactions. There are many things it cannot do, which need not be specified now. But we do not agree to the proposition that the legislature may not create offices or agencies not provided for specifically by the constitution, the limitation being that there must not be any invasion of the plan of the fundamental law or any thing inconsistent with its provisions and their unobstructed operation. The power to create other offices than those provided for by the constitution, subject to the limitation mentioned, results from the grant to the legislature of legislative power.

We are, therefore, of the opinion that the legislature had the right to create a state revenue agent, and to arm him with the power to bring any action which the state or any of its political subdivisions could bring. Further than this we are not now called on to go.

It follows that, as the act of 1890 was repealed by that of 1892, and it does not contain a grant of power to sue for the liability claimed in this action, the action abated upon the adoption of the new law, whether it was sustained by the former law or not.

*Affirmed.* ·