RICHARD F. ABBAY *v.* BOARD OF LEVEE COMMISSIONERS FOR THE YAZOO-MISSISSIPPI DELTA.

STATUTES. *Repeal. Re-enactment. Privilege taxes. Laws* 1886, *ch.* 39. *Laws* 1894, *ch.* 78.

> An act of the legislature repealing a statute, but substantially re-enacting portions of it, does not terminate rights to penalties under the re-enacted portions.

FROM the circuit court of Tunica county.

HON. SAMUEL C. COOK, Judge.

Abbay, appellant, was defendant in the court below; the board of levee commissioners, appellee, was plaintiff there.

Section 3, c. 39, p. 102, of the laws of 1886, provides that for the purpose of paying off certain bonds and coupons, and then any other legal liability or indebtedness of the board, a tax or privilege is thereby levied (payable to the levee board), and it gives a list of privilege taxes levied—among others, one on persons selling vinous or spirituous liquors in less quantities than one gallon, $100; and on each store where the stock exceeds $2,000, $10.   In 1894 the legislature passed another act (Laws 1894, p. 77, c. 78), which provided that "section 3 of an act approved March 16, 1886, entitled an act to amend an act to incorporate the board of levee commissioners, for the Yazoo-Mississippi Delta, and for other purposes, be and the same is hereby repealed."   The second section of the act of 1894 is an exact copy of the third section of the act of 1886, except that in it there are 59 privilege taxes levied, when only 28 were levied in 1886, but the privileges on dramshops and general stores are the same in each act. In 1891 Abbay, appellant, was engaged in selling vinous and spirituous liquors in less quantities than one gallon in said levee district, and did not pay this privilege tax; and, beginning in 1893, he ran a general store in said district, and did not pay the privilege tax levied for same.   In May, 1903, the board of levee commissioners for the Yazoo-Mississippi Delta brought the suit in this case against Abbay to recover these several privilege taxes, and 100 per cent. damages, as provided by statute.   There were ten counts in the declaration.   The first was for $200, double the levee privilege tax on dramshops for the year 1891.   The second was for the privilege tax, and 100 per cent. thereon, for the year 1893, on the store.   The other counts were each for $20 for the privilege taxes and penalties for each successive year thereafter.   The whole amount sued for was $306, and the suit was brought in the circuit court. Defendant, Abbay, demurred to the first two counts in the declaration on the ground that the act of the legislature of 1886,

sec. 3, was repealed by the legislature of 1894, and therefore no action could be brought to recover the privilege tax and penalty which accrued under said act. To the other counts he demurred on the ground that the aggregate amount therein sued for was not within the jurisdiction of the circuit court, it being only $86. The court overruled the demurrer. Defendant declined to plead further, and final judgment was rendered against him for the total amount demanded in the declaration. From that judgment, defendant appealed to the supreme court.

*F. A. Montgomery, Jr.,* for appellant.

The first ground of demurrer is predicated of the proposition that the law, under which the privilege tax demanded in the two first counts of the declaration were levied, has been repealed. And that, therefore, no action can be brought to recover under that law.

In 1894, the legislature passed an act entitled an act to repeal sec. 3 of an act, approved March 16, 1886, entitled an act to amend an act to incorporate the board of levee commissioners, for the Yazoo-Mississippi Delta, an act entitled an act to levy a privilege tax on certain callings, business and professions, and for other purposes."

The first section of this act of 1894 (Laws 1894, p. 77) reads as follows: "That section 3 of an act approved March 16, 1885, entitled an act to amend an act to incorporate the board of levee commissioners for the Yazoo-Mississippi Delta, and for other purposes, be and the same is hereby repealed."

The second section of this act of 1894, is an exact copy of section 3 of the acts of 1886, referred to, except as to the schedule. There are only 28 privileges taxed in the law of 1886; whereas there are 59 privileges taxed in the law of 1894. The tax on stores and on liquor dealers being the same in both.

The express repeal, by sections of the acts of 1894, of sec. 3 of the acts of 1886, annuls the last named law as if it has never been passed.

That the effect of the repeal of a law obliterates the repealed statute from the records completely; that after the repeal of a law no penalty can be enforced, no punishment inflicted, and no action brought; unless there be some special provision made for that purpose by the repealing statute.

This is the universal rule which has always been adhered to by our supreme court. *Teague* v. *State,* 39 Miss., 520; *Musgrove* v. *Railroad Co.,* 50 Miss., 681; *French* v. *State,* 53 Miss., 653; *Wheeler* v. *State,* 64 Miss., 462; *Nations* v. *Lovejoy,* 80 Miss., 405.

The case relied on by counsel for appellee in support of his contention is the case of *Anding* v. *Levy,* 57 Miss., 51.

That was the case where a merchant sued on an open account, and the suit was defended upon the ground that the merchant had not paid his privilege tax, under the law of 1875.

The sole question in that case was whether the penalty imposed upon a merchant for the non-payment of his privilege tax had been repealed by the act of 1878.

In the case of *Anding* v. *Levy, supra,* Mr. Justice George says: "The principle that the repeal of a statute imposing a penalty, to be recovered by civil action, etc., puts an end to all proceedings, civil and criminal, intended to enforce the penalty; unless there be a saving clause in the repealing statute, is well settled and has been fully recognized by this court," citing *Musgrove* v. *Railroad Co., supra.* That the foundation of the principle is that after the repeal of a statute no law exists which provides for the penalty or authorizes its enforcement.

That the repeal of a statute is held to have the effect of expunging it from the statute books as completely as if it had never existed. Except as to rights which are vested under it, meaning only such as have ripened into judgment.

But the learned judge proceeded to decide that those principles did not apply to the statute then under discussion; because the statute was self-executing, had no retrospective force

because the contract of the merchant, having been made while he was laboring under the disability of the nonpayment of his privilege tax was *ipso facto void,* whether the law was afterwards repealed or not.

But the learned judge went on to say that section 5 of the acts of 1878 did not repeal the penalty imposed by the law of 1875, for the nonpayment of privilege taxes, although the said section 5 of the act of 1878 provided that all of the acts and parts of acts regulating taxes on privileges, be and the same are hereby repealed.

The court said that the word "repealed" used in the acts of 1878 could not be held to apply to the penalty imposed in the act of 1875; because the statute imposing that penalty was re-enacted in the repealing act.

The court did not say that no part of the act of 1875 was repealed, "but so much of the act of 1875 as is above set out, is not repealed by the acts of 1878. Though the repeal of the whole act seems to be within the express words of the repealing clause.

The act of 1878 re-enacts in the same words that part of the act of 1875 above quoted, which invalidates contracts made by unlicensed traders."

In the act now under discussion, the repealing act of 1894, above mentioned, there is an express repeal, in express words, of the whole of the very section under discussion. It cannot be said that the legislature did not intend to repeal that section or that the use of the word repeal in this connection is not proper legal language; because in this act, there is no room for a construction, there is no room to decide whether the use of the word repealed shall be applied to some particular part of the act or not. For a particular section, by name and number, of the act of 1886, is expressly mentioned and expressly repealed.

Therefore, the act being repealed, no action can be brought for a penalty under it.

It is true that the next section of the act of 1894 proceeds to enact a schedule of privilege taxes for levee purposes; but they apply to the future and not to the past, and have no connection at all with those privilege taxes, levied by the act of 1886, which was repealed.

*J. T. Lowe,* for appellee.

This case is identical and in point with the case of *Anding* v. *Levy,* 57 Miss., 51.

CALHOON, J., delivered the opinion of the court.

Error was not committed in the rendition of the judgment against appellee. 23 A. & E. Enc. Law (1st ed.), 515, 516; *Anding* v. *Levy,* 57 Miss., 59, 60, 34 Am. Rep., 435.

*Affirmed.*