CITY OF JACKSON *v.* EDWARDS HOUSE.*

(Division A.  Nov. 15, 1926.)

[110 So. 231.  No. 25874.]

1. TAXATION.
    If Laws of 1922, chapter 259, were construed as authorizing county
    or municipality to grant tax exemption to particular hotels and
    not to all other hotels of character therein described, it would
    be in violation of Constitution, sections 112 and 192.

2. TAXATION.
    Tax exemption by city to particular hotel *held* not authorized un-
    der Laws 1922, chapter 259, enacted pursuant to Constitution,
    section 192, contemplating general exemption embracing all prop-
    erty of particular class.

*Corpus Juris-Cyc. References: Taxation, 37Cyc, p. 739, n. 30, 31.

APPEAL from circuit court of Hinds county.
HON. W. H. POTTER, Judge.

Assessment proceedings by the city of Jackson against
the Edwards House.  From a judgment on appeal an-
nulling the assessment, the city appeals.  Reversed and
judgment rendered.

*Morse & Scott,* for appellant.

I.  *The exemption as given is unconstitutional.*  Mu-
nicipal ordinances being established by the exercise of
a delegated function of legislature, subordinate to the
general government of the state, are obviously subject
to many restrictions and limitations which confine them
to a comparatively narrow field; all persons who deal
with a municipality are presumed to know the powers
thereof.  See *Edwards Hotel & City Ry. Co.* v. *City of
Jackson,* 96 Miss. 547, 57 So. 802; *Steiten Roth* v. *City
of Jackson,* 99 Miss. 354; *Crittenden* v. *Town of Boone-*

*ville,* 92 Miss. 277, 45 So. 723; *Edwards House Co.* v. *City of Jackson,* 103 So. 428; section 5813, Hemingway's Code; sections 90, 182, 192, Constitution of 1890.

The proper procedure to grant an exemption should have been for the municipality to pass an ordinance to conform to chapter 259 Laws of 1922, so as to make it a general law in a municipality. The Hotel Company should have then made its application and the exemption should have then been given.

This was a special exemption to the Hotel Company by a resolution which was in the nature of an agreement between two parties. The resolution is nothing more than a written motion that they be allowed this exemption and the authorities of the city of Jackson were acquiescent in said motion.

II.  *The exemption as given is not in compliance with the law.* Sections 5813 and 5844, Hemingway's Code, provide that the questions of exemption from taxation must be by ordinance; while the constitution itself says that all exemptions must be by general laws. Necessarily city ordinances must conform to constitutional requirements.

A municipal ordinance is a general law of a permanent nature enacted by the governing council of a municipal corporation. There are certain formalities such as a successive number of readings on different dates, etc. A resolution is an informal enactment of a temporary nature providing for the disposition of a particular piece of administrative business of a municipal corporation and it is not a law. There is in substance no difference in a resolution and a motion. 19 R. C. L. 895 under section 194 of Municipal Corporation. See also 28 Cyc. 347.

III.  *Under the terms of the resolution the real and personal property would not be exempt.* This exemption is linked up with the contract about Esau Street and the contract and opinion of the court in cases styled

*Edwards Hotel Co.* v. *City of Jackson,* 103 So..428, 132 Miss. 710. The city of Jackson would have no authority to engraft on to the exemption statute the question as to whether a certain contract was valid or invalid. The rule with reference to exemptions is a strict construction; every doubt is resolved against the exemption and in favor of the taxing powers.

The hotel was built and in operation before the exemption ever attached and under the rule announced in *Adams* v. *Lamb-Fish Lbr. Co.,* 103 Miss. 491; and *Robertson* v. *Southern Paper Co.,* 119 Miss. 113, this exemption would be void. But construing the case according to the great case of *Adams* v. *Y. & M. V. R. R. Co.,* 81 Miss. 90, 32 So. 937, we are confronted with a compelling interpretation of exemption statutes. Applying these rules to the instant case, we find that the appellee has failed to establish the exemption as claimed.

IV. *At the time the exemption would take effect the tax lien had attached.* The resolution passed in February, 1924, states that the building has been constructed so as to comply with chapter 259, Laws of 1922, and completed as therein required, no exemption had attached to the hotel company as the supreme court had not passed upon all parts of the contract.

The rule as laid down in *Adams* v. *Lamb-Fish Lbr. Co., supra,* and *Robertson* v. *Southern Paper Co., supra,* would be applicable and the ratification of said exemption would not be of any benefit to the appellee herein.

*Green, Green & Potter,* for appellee.

The enactment of the legislature granting this exemption is found in chapter 259, Laws of 1922. It is therefore manifest that section 90 is not a construction of the power of municipalities, but only a construction of the power of the legislature. From a mere reading of chapter 259, Laws of 1922, it is manifest that insofar as the legislature is concerned, the act is a general law

for the reason that it provides that municipal authorities may in their discretion grant an exemption from municipal taxes for all permanent hotels constructed of new material and erected prior to January 1, 1924.

The same reasoning applies to section 182 and section 192 of the constitution, for this is a general law giving the authorities of the municipalities at their discretion the power to exempt from municipal taxes all hotels coming within the class therein specified.

II.    It is now contended that because the city granted this exemption by way of resolution and not by way of ordinance that the exemption is invalid, and in support of its contention, the city cites the court to sections 5813 and 5844, Hemingway's Code.

If the municipal authorities had been acting under the provision of the code above quoted, there would be something in counsel's contention, and possibly the ordinance would not be valid; but the city of Jackson in granting this exemption was not operating under these code sections. It derived its authority from and was operating under 259, Laws of 1922, which grants the power to the municipality to grant the exemptions without in anywise specifying the manner in which the authority would be exercised.

The act is complete within itself and leaves it to the discretion of the municipal authorities whether the grant of power therein contained shall be enacted and if enacted, the manner of enactment. This being true, the rule is that where the statute or charter of the corporation is silent, as to the manner in which the municipal corporation shall act, a resolution is just as effective as is an ordinance. 19 R. C. L. 895; *Atchison Board of Ed.* v. *De-Kay,* 148 U. S. 591, 13 Sup. Ct. 706, 37 L. Ed. 573; *Crawfordsville* v. *Bradin,* 14 L. R. A. 268-73. See, also, *Batesville* v. *Ball,* 100 Ark. 496, 140 S. W. 712, Ann. Cas. 1913 C 1317, and note; *Martin* v. *Oskaloosa,* 126 Ia. 680, 102 N. W. 529, 3 Ann. Cas. 651 and note; *Johnson* v. *Somer-*

*ville,* 195 Mass. 370, 81 N. E. 268, 10 L. R. A. (N. S.) 715.

III.    Counsel contends that the first resolution granting the exemption is invalid because it was conditioned upon the supreme court holding invalid a certain contract entered into between the Edwards Hotel Company and the city of Jackson, whereupon the city obtained Esau Street.

The contract therein mentioned is the contract that was before this court in *Edwards Hotel Co.* v. *City of Jackson,* 96 So. 170.    From a reading of that contract the motive that induced the placing of this clause in the contract is apparent.   Under the contract the city agreed to pay to the Edwards Hotel for twenty years a sum equal to the municipal taxes against the hotel; and while counsel contends that because this condition was placed in the resolution, the resolution fails, because the statute does not authorize exemptions conditioned on the act of the third party, yet he cites no authority to support his contention in the premises.

IV.    It is next contended by the appellant that the statute is not broad enough to cover the land upon which the hotel is situated.    The rule is laid down in 12 Am. and Eng. Ency., page 341.   See, also, *County* v. *Brotherhood of Gethsemene,* 38 Am. Rep. 298, 27 Minn. 460; 2 Cooley on Taxation (4 Ed.), 1562; *Contributors* v. *County of Deleware,* 169 Pa. 305.

Even in the case of *Johnson, City Tax Collector* v. *Miss. Baptist Hospital,* 106 So. 1, it was held that the land upon which the hospital was situated was exempt, the only fight being made on the ground and buildings used as a nurses' home.

The judgment of the lower court should be affirmed.

Argued orally by *W. E. Morse,* for appellant, and *Chalmers Potter,* for appellee.

Smith, C. J., delivered the opinion of the court.

In 1923 the appellee, a hotel company, erected a building in the city of Jackson, a part of which it uses for hotel purposes and a part of which it rents to tenants for commercial purposes. The lot on which this building is situated, and certain personal property used by the appellee in connection with its hotel, were assessed for municipal taxation by the city of Jackson for the year 1925. The appellee appealed to the court below from this assessment; and from a judgment there annulling the assessment, the city has brought the case to this court.

The exemption claimed by the appellee is based on two resolutions adopted by the city of Jackson, one of which was adopted before and the other after the appellee's building was erected. The first of the resolutions grants to the appellee, by name, an exemption from municipal taxation for five years beginning February 1, 1924, on "the new permanent hotel . . . proposed to be constructed" by it in the city of Jackson. The other resolution, adopted after the building was erected and the hotel opened to the public, grants to the appellee, by name, an exemption from municipal taxation for the period covered by the first resolution on its "new twelve-story building with basement and power house appurtenant."

Several questions are presented by the record, but the conclusion we have reached as to one of them will render unnecessary any consideration of the others.

The statute under which these resolutions were adopted is chapter 259, Laws of 1922, which provides:

"That all permanent new hotels and all permanent additions constructed of new material to existing hotels which shall hereafter be constructed before the first day of January, 1924, shall be exempt from county and municipal taxation for a period of five years, at the discretion of the board of supervisors of the county and the governing authorities of the municipality where such ho-

tel is to be located, such exemption to commence from February first following the date of the commencement of the work."

If this statute should be construed to authorize a county or municipality to grant the exemption therein provided to particular hotels, and not, at the same time, to all other hotels of the character described in the statute, it would violate section 112 of the Constitution, which applies to municipalities (*Adams* v. *Bank,* 75 Miss. 701, 23 So. 395), and under which all property of the same class must be taxed alike.

In order to be valid under section 192 of the Constitution the statute must be construed, not as authorizing a county or municipality to exempt particular hotels within its jurisdiction and of the character therein described from taxation, but as authorizing them to exempt all such hotels from taxation for a period of five years. Equality of taxation is one of the dominant notes of our present Constitution, is expressly required by section 112, and was not intended to be departed from in section 192 thereof.

Neither section 192 of the Constitution nor the statute here enacted pursuant thereto contemplates or authorizes a special exemption applicable only to a particular hotel, but, on the contrary, they both contemplate a general exemption embracing all property of a particular class. The exemption here claimed should not have been granted not to the appellee specifically, but to all hotels within the city of Jackson of the character described in the statute.

The judgment of the court below will be reversed, and the assessment appealed from will be affirmed.

Reversed, and judgment here for the appellant.

                            · *Reversed.*