STATE TAX COMMISSION *v.* MISSISSIPPI POWER CO.

(Division B.   April 22, 1935.)

[160 So. 907.   No. 31657.]

**J. A. Lauderdale,** Assistant Attorney-General, for appellant.

**Eaton & Eaton,** of Gulfport, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellee filed its petition in the chancery court of Hinds county against appellant under the provisions of section 5057, Code 1930, praying that an assessment made against it by appellant for income taxes for the years 1930 and 1931 be vacated and set aside. The prayer of the petition was granted. From that decree appellant prosecutes this appeal.

The cause was tried on agreed facts, as follows:

"The Mississippi Power Company's fiscal years are and continuously have been identical with the calendar years.

"In the conduct of business regularly carried on the Mississippi Power Company sustained certain net losses from the sale of capital assets during the calendar years of 1928 and 1929. The Power Company applied these

losses as deductions from net income in making reports for income taxes for the income tax years of 1930 and 1931.

"There is no issue as to the correctness of the amounts deducted or of their application to the particular years involved; and provided the taxpayer is legally entitled to deductions on losses no additional taxes are due.

"The issue is whether under the provisions of section 5031, Code 1930, the taxpayer has the legal right to deduct net losses sustained prior to January 1, 1930, from its net income of 1930 and 1931.

"If such right does not exist, then the Mississippi Power Company owes as additional income taxes the following sums, to wit: For the year 1930, twenty-one thousand one hundred seven dollars and eighty-nine cents with interest at the rate of one-half of one per cent per month from March 15, 1931; and for the year 1931, thirteen thousand six hundred sixteen dollars and eighty-nine cents with interest at the rate of one-half of one per cent per month from March 15, 1932.

"The undersigned also agree that the foregoing statement of facts may be used upon the hearing of the appeal of said cause before the State Tax Commission and also the Chancery Court of Hinds county, and the Supreme Court in the event either of the parties to the proceeding elects to seek a hearing before either or both of said courts.

"The Chairman of the Commission, upon the advice of the Attorney for the Commission, has construed chapter 124 (section 5025 et seq.), Code 1930, as amended by chapters 96 and 97, Laws 1932, as not warranting the deduction of losses sustained by Mississippi Power Company prior to January 1, 1930.

"The undersigned also agree that any irregularities or informalities, if such exist, in any of the proceedings prior to the final hearing and determination by the State Tax Commission are hereby waived."

Paragraphs (b), (c), (d), and (e) of section 8, and paragraphs (b), (c), and (d) of section 10 of the income tax statute, chapter 132, Laws 1924, are as follows:

"Sec. 8. . . . (b) If for any taxable year it appears upon the production of evidence satisfactory to the commissioner that any taxpayer has sustained a net loss, the amount thereof shall be deducted from the net income of the taxpayer for the succeeding taxable year and if the net loss is in excess of the net income for such succeeding taxable year, the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year, the deduction in all cases to be made under regulations prescribed by the commissioner with the approval of the governor.

"(c) The benefit of this section shall be allowed to members of partnerships and the beneficiaries of any estate or trust, under regulations prescribed by the commissioner with the approval of the governor.

"(d) If it appears upon the production of evidence satisfactory to the commissioner, that a taxpayer having a fiscal year beginning in 1923 and ending in 1924, after the passage of this act has sustained a net loss during such fiscal year, such taxpayer shall be entitled to the benefits of this section in respect to the same proportion to such net loss which the entire portion of such fiscal year falling within the calendar year 1924 after the passage of this act is of the entire fiscal year.

"(e) The benefits of this section may be allowed for a period of three years from the date such loss is sustained, and not thereafter."

"Sec. 10. . . . (b) The net income shall be computed upon the basis of the taxpayer's annual accounting period, either fiscal or calendar year, in accordance with the method of accounting regularly employed in keeping the books of such taxpayer.

"(c) But if no such method of accounting has been employed or if the method employed does not clearly

reflect the income, the computation shall be made upon such basis and in such manner as in the opinion of the commissioner does clearly reflect the income.

"(d) If the taxpayer's annual accounting period is other than a fiscal year as defined by this act or he has no annual accounting period, or does not keep books, the net income shall be computed upon the basis of the calendar year."

Those provisions of the act of 1924 were brought forward and re-enacted in identically the same language, even to the lettering of the paragraphs, in sections 5031 and 5032, Code 1930 (sections of the income tax statute), except in paragraph (d), 1929 was substituted for 1923 and 1930 for 1924.

Appellant's contention is that appellee was entitled to no deductions from income during the years 1930 and 1931 of losses sustained prior to January 1, 1930; while appellee contends that it had the right to deduct losses incurred during 1928 and 1929, and the chancellor so held. Appellant's contention is more fully stated in this language:

"Before the Code of 1930 was adopted, section 8, chapter 132, Laws 1924, governed the question of taking credits for net losses in cases such as that here under consideration.

"That statute was revised by the act of adoption of the Code of 1930, and section 5031 was substituted for section 8, supra. Under section 3 of the Code of 1930, all acts and parts of acts, the subjects whereof are revised, consolidated and re-enacted in that code or repugnant to the provisions contained therein were repealed, subject to express exceptions or regulations relating thereto, contained in the Code.

· "The effect of the adoption of section 5031, in its relation to net losses for preceding years, is to permit the taxpayer to take credit for losses sustained in the fiscal

year 1929 for only such a proportion of the net loss for the entire fiscal year as that part of the fiscal year falling within the calendar year 1930 bears to the entire fiscal year, as, for example, where a taxpayer sustained a net loss of twelve thousand dollars in the fiscal year 1929, his fiscal year beginning May 1, 1929, and ending April 30, 1930, such a taxpayer would have been permitted to credit four thousand dollars of the twelve thousand dollars against his net income for the succeeding tax year, a report of which should have been made on or before July 15, 1931.

"The effect of this section is to cut off credits for net losses sustained by such a taxpayer before January 1, 1930.

"To avoid discrimination in favor of taxpayers who make returns on a calendar year basis, the same rule must be applied, which results in denying such taxpayers the right to take credit for net losses sustained before the same date, January 1, 1930."

It will be observed from the agreed facts that appellee's fiscal year was the calendar year. We are of the opinion that those provisions of the act of 1924 were not repealed by the like provisions of the code chapter, but were continued in force; that there was never any gap between the two acts; that the change in dates referred to was simply for the purpose of making calculations of income and deductions. Where the provisions of a statute are carried forward and embodied in a codification or revision, in the same words, or which are substantially the same and not different in meaning, the latter provisions will be considered as a continuance of the old law and not as a new or original enactment, and this is true both where there is an express declaration to that effect in the codification or revision, and also in the absence of such declaration. This rule applies although the statute brought forward has been simultaneously repealed by the codification or revision. The

effect of the continuance of the old law is that all rights and interests thereunder are preserved. 59 C. J. 897, section 495; Anding v. Levy, 57 Miss. 51, 34 Am. Rep. 435; State v. Hill, 70 Miss. 106, 11 So. 789; Abbay v. Board of Levee Commissioners, 83 Miss. 102, 35 So. 426; McDonald v. State Tax Commission, 158 Miss. 331, 130 So. 473. In the latter case the court held that the general scheme of inheritance taxation embodied in chapter 134, Laws 1924, was preserved and brought forward in each of the amendatory acts; that inheritance taxes which had accrued and were due under an existing statute were not remitted or released by the subsequent statute which only amounted to an amendment and revision of the prior statute.

Under paragraph (e) appellant was entitled to the benefits of the statute for a period of three years from the date of the loss sustained and not thereafter. We do not think the chancellor's construction of the statute would operate in favor of a taxpayer whose fiscal year is the calendar year against one whose fiscal year is other than the calendar year. The income tax is a graduated tax; the amount of the income accruing in any one year, whether the fiscal year be a calendar year or not, is the basis of taxation. A taxpayer's income based upon parts of two calendar years might, of course, be different from his income based on the whole of a calendar year. The rates of taxation, however, are the same, although the method of arriving at the sum to be taxed is different. There is no such thing as perfection and absolute *equality* in different schemes of taxation. A classification is not condemned unless one class is arbitrarily and unfairly discriminated against in favor of another class. We do not think that can be said of the two classifications here. A change by a taxpayer from one fiscal year to another is a mere matter of bookkeeping

668

and doubtless inexpensive. If the fiscal year is other than the calendar year and he prefers the latter, he can easily shift to it.

Affirmed.