WALKER, Presiding Justice,
for the Court:
This is an appeal from the Circuit Court of Washington County wherein the trial court found that the Washington County Board of Supervisors had misinterpreted section 112 of the Mississippi Constitution of 1890 when establishing a tax assessment ratio of twenty-five percent of true value for personal property and a ten percent ratio of true value for real property.
The lower court held, as a matter of law:
(1) Section 112 of the Mississippi Constitution of 1890, as amended, requires that a taxing authority must impose the same percentage ratio of assessed value to true value to all taxable property and they may not assign a different assessment ratio to different species or classes of property.
(2) The utilization of different ratios of assessed value to true value in regard to personal property as opposed to real property by the Washington County Tax Assessor and Board of Supervisors in 1980 is unconstitutional and in violation of section 112, as amended, of the Mississippi Constitution.
This case raises for the Court’s consideration the issue of whether the use of different assessment ratios[1] for different classes of property violates the “uniform and equal” clause of section 112, as amended, of the Mississippi Constitution of 1890, which reads in part:
Taxation shall be uniform and equal throughout the state. Property shall be taxed in proportion to its value. Property shall be assessed for taxes under general laws, and by uniform rules, and in proportion to its value....
In American National Insurance Company v. Board of Supervisors of Harrison County, 303 So.2d 457 (Miss.1974), which involved the assessment of the real property (a shopping center) belonging to American National Insurance Company, this Court said:
*403 Sections 211 and 217 of the Constitution of Alabama are similar to section 112 of the Mississippi Constitution. In construing its Constitution, the Supreme Court of Alabama, in State v. Alabama Power Company, 254 Ala. 327, 48 So.2d 445 (1950), held that railroads and public utilities could not be put in a class to themselves and their property could not be taxed on a basis different from that used for property of other taxpayers. The opinion states that all property subject to tax must be taxed uniformly or equally at the same rate and ratio of assessment no matter by whom owned. (Emphasis added).
303 So.2d at 459-460.
This court reached the same conclusion in Adams v. Mississippi State Bank, 75 Miss. 701, 23 So. 395 as early as 1897.[2] In Adams v. Mississippi State Bank, the Court quoted with approval from the dissent of Justice Chalmers in Mississippi Mills v. Cook, 56 Miss. 40 (1878) when discussing section 112 and the relationship between the term “uniformity” and the term “equality” in said section:
“What do they mean? The requirement of uniformity means that all property belonging to the same class shall be taxed alike — so that all horses shall be taxed at the same rate, and all lands or stocks or merchandise. There is to be no discrimination between property of the same class, and it shall not be competent to levy one rate upon country lands and another upon city lands, or one rate upon horses of one breed and another upon horses of a different breed.”
75 Miss, at 720, 23 So. 395.
However, the Court went on to say: “If the uniformity requirement stood alone, it would be competent to affix different rates to different kinds of property, and so to impose one rate upon all lands, and another upon all horses, and still another upon all stocks, and still another upon all merchandise. But this kind of discrimination is prohibited by the requirement of equality, by which it is made obligatory that the same rate shall be imposed on every kind and species of property that is subject to taxation.” (Emphasis added).
75 Miss, at 720, 23 So. 395.
The Court concluded by saying:
This decision only goes to this extent, that when ad valorem taxes are levied there can be no discrimination in rates between one species of property and another; each dollar of property must pay its just proportion of tax; the burden of government must be adjusted equally. When the state undertakes to collect toll from her citizens, the hand of the tax gatherer must fall with equal weight upon all. So reads the plain letter of our organic law; so let it stand.
75 Miss, at 722, 23 So. 395.
The interpretation of constitutional provisions of other states similar to or analogous to ours has been so universal and consistent that it may fairly be said to be settled throughout the United States that such constitutional provisions forbid arid prohibit discriminatory assessment ratios between real and personal property.
After exhaustive research, we are unable to find any State’s highest court holding that a constitutional provision similar to ours authorizes different assessment ratios to be applied when taxing personal property-
In light of the multitude of authorities condemning the practice of discriminatory assessment ratios between different types of property, the legislatures of many States, including Mississippi[3], have adopted constitutional amendments which make provision for different assessment ratios to true value on certain properties.[4]
*404 In State v. Alabama Power Company, 254 Ala. 327, 48 So.2d 445, 453 (1950), it was stated: “Once property is made taxable there is but one classification and that classification is property under the very language of the constitution.”
The opinion went on to explain the use of the word “classes or similar words” in the Alabama statute when used in regard to the assessment of property for taxation saying:
The use of the word classes or similar words in the statutes with respect to the assessment for taxation, § 1-188, Title 51, Code of 1940, has no significance here. These statutes simply contemplate that in assessing property the taxpayer or tax assessor shall list all the different kinds and types of property owned by the taxpayer. On one sheet the taxpayer lists his real estate and improvements thereon and on another sheet he lists his personal property. The personal property is then broken down into a considerable number of different types, classes or species of property set out in the printed form. This does not mean that any different ratio of assessment or valuation shall be applied to any one species or class as distinguished from the others but on the contrary all must be alike, equal or uniform. The reason for enumerating the various species or classes of property is to make sure that the taxpayer is listing for assessment and taxation all his property and not omitting or overlooking any. (Emphasis added).
48 So.2d at 455.
There can be little or no question about the authority of taxing officials to classify property for tax-related purposes. However, the classification must have as its ultimate goals the inclusion of all taxable property on the assessment rolls and arriving at the true value of each and every item of property, regardless of its classification. Once the true value is determined, a uniform and equal ratio of assessment[5] must be applied thereto so as to arrive at the assessed value for the purpose of taxation.
We are therefore of the opinion that the circuit judge was eminently correct in holding that the utilization of different ratios of assessed value to true value in regard to personal property as opposed to real property by the Washington County Tax Assessor and Board of Supervisors in 1980 was unconstitutional and in violation of section 112, as amended, of the Mississippi Constitution.
ON CROSS-APPEAL
In granting Greenville Mill relief from the unconstitutional assessment of their property, the circuit court reduced ap-pellee’s assessments to the amount which would have resulted had all taxable property in Washington County been assessed at a single average ratio. This form of relief has been applied to several jurisdictions.[6]
*405 This procedure requires a determination of a “common ratio” or a “weighted average ratio” based on the total amount of property assessed at each ratio in the taxing district. The mathematical procedure is as follows: The total appraised or true value of all taxable property in the taxing district is divided into the total assessed value (at existing non-uniform ratios) to determine an average assessment ratio. Aggrieved taxpayers’ assessments are then abated to this average ratio.
On cross-appeal, the appellee states in its brief:
[B]eeause the relief granted by the Circuit Court did not completely eliminate discrimination against them, and to avoid any waiver of their primary position, Ap-pellees have filed a cross appeal seeking an abatement of their assessments to the 10% level.
They also state:
Appellees submit the relief granted by the Circuit Court was not unreasonable: Appellees do not seek a windfall by reducing their 1980 taxes beyond those due at a single equalized assessment ratio; thus, Appellees would accept affirmance of the Circuit Court relief.
The method used by the circuit judge was one of several alternative methods available to him. He undoubtedly felt that the method used was the most equitable to all parties, and the appellees do not seriously contend otherwise.
We are therefore of the opinion that the circuit judge did not abuse his discretion in utilizing the method which he chose and which is reflected in the judgment.
The judgment of the circuit court is affirmed on direct and cross appeals.
AFFIRMED ON DIRECT AND CROSS APPEALS.
PATTERSON, C.J., BROOM, P.J., and ROY NOBLE LEE and PRATHER, JJ., concur.
HAWKINS, BOWLING and DAN M. LEE, JJ., dissent.
ROBERTSON, J., took no part.
APPENDIX “A”
ART. 4, § 112
Section 112. Taxation shall be uniform and equal throughout the state. All property not exempt from ad valorem taxation shall be taxed at its assessed value. Property shall be assessed for taxes under general laws, and by uniform rules, and in proportion to its true value according to the classes defined herein. The Legislature may, by general laws, exempt particular species of property from taxation, in whole or in part.
The Legislature shall provide, by general laws, the method by which the true value of taxable property shall be ascertained; provided, however, in arriving at the true value of Class I property, the appraisal shall be made according to current use, regardless of location. The Legislature may provide for a special mode of valuation and assessment for railroads, and railroad and other corporate property, or for particular species of property belonging to persons, corporations or associations not situated wholly in one county. But all such property shall be assessed in proportion to its value according to its class, and no county, or other taxing authority, shall be denied the right to levy county and special taxes upon such assessment as in other cases of property situated and assessed in the county. The Legislature may provide a special mode of assessment, fixing the taxable year, date of the tax lien, and method and date of assessing and collecting taxes on all motor vehicles.
The assessed value of property shall be a percentage of its true value, which shall be known as its assessment ratio. The Legislature shall establish, by general laws, by a three-fifths (⅜) vote of each House, the assessment ratio on each class of property as defined herein, which ratio shall be uniform throughout the state upon the same class of property, provided
*406 that the assessment ratio of any one (1) class of property shall not be more than double the assessment ratio on any other class of property. For purposes of assessment for ad valorem taxes, taxable property shall be divided into four (4) classes as follows:
Class I. Real property, except for real property included in Class IV.
Class II. Personal property, except for motor vehicles and personal property included in Class IV.
Class III. Motor vehicles.
Class IV. Public utility property, which is property owned or used by public service corporations required by general laws to be appraised and assessed by the state; however, such property shall not include railroad and airline property or motor vehicles.
BE IT FURTHER RESOLVED, that the Secretary of State is hereby directed to give public notice of an election in the manner and for the time provided by Section 273, Mississippi Constitution of 1890; and an election is hereby called and fixed to be held on the first Tuesday after the first Monday in November, 1982, for the purpose of submitting this and other amendments to the Constitution to qualified electors of this state for approval or rejection, said election to be conducted and held as provided by law for statewide general elections. HAWKINS, Justice, dissenting.
I respectfully dissent.
FACTS
An independent appraising service employed by Washington County determined the true value of all real and personal property in the county.
In July, 1980, the tax assessor and board of supervisors approved an assessment roll in which each item of personal property was assessed at 25 percent of true value, and each parcel of realty at ten percent of true value.
Two manufacturing corporations of Greenville objected to the assessment of their personalty, and when the board refused to reduce their personalty assessment, appealed the decision to the circuit court.
The circuit court held this disparity in assessment violated Section 112 of the Mississippi Constitution, and entered judgment reducing the corporations’ personal property assessment to an amount which they would be required to pay if all personal property and all realty were assessed at the same percentage of actual value.
LAW
There is but one narrow issue in this case:
Does Section 112 forbid personal property and realty being assessed at a different percent of actual value? Or, does Section 112 require that personal property and realty in a county be assessed at precisely the same percentage of actual value?
Whether the assessment is fair or unfair is not questioned. It is not contended there is some invidious disparity between 10 percent and 25 percent.
Whether the state has the power under the United States Constitution to assess different classes of property at different values is not questioned.[1]
The sole issue in this case, then, is whether the language of Section 112 standing alone prohibits the board from doing what it did. Or, as stated in State ex rel. v. Wheatley, 113 Miss. 555, 74 So. 427 (1917) at 597, 74 So. 427:
Before the act of 1916 can be struck down as unconstitutional, we must be able to point to that provision of the Constitution which expressly or by necessary implication prohibits the legislation. (Emphasis added).
Beginning with the Constitution of 1868 Mississippi has by its Constitution and amendments thereto addressed uniformity *407 of taxation four times. We are only concerned in this case with the first three.[2]
These are as follows:
ARTICLE XII, Section 20, Constitution of 1868:
Sec. 20. Taxation shall be equal and uniform throughout the state. All property shall be taxed in proportion to its value, to be ascertained and directed by law.
Section 112, Constitution of 1890:
Section 112. Taxation shall be uniform and equal throughout the state. Property shall be taxed in proportion to its value.... Property shall be assessed for taxes under general laws, and by uniform rules, according to its true value. But the legislature may provide for a special mode of valuation and assessments for railroads, and railroad and other corporate property, or for particular species of property belonging to persons, corporations or associations not situated wholly in one county. But all such property shall be assessed at its true value...
Section 112, Amended 1960:
Section 112. Taxation shall be uniform and equal throughout the state. Property shall be taxed in proportion to its value. Property shall be assessed for taxes under general laws, and by uniform rules, and in proportion to its value. But the legislature may provide for a special mode of valuation and assessment for railroads, and railroad and other corporate property, or for particular species of property belonging to persons, corporations, or associations not situated wholly in one county. But all such property shall be assessed in proportion to its value
The banner case of the majority, Adams v. Mississippi State Bank, 75 Miss. 701, 23 So. 395 (1897), acknowledged that the 1869 Constitution would have authorized a different assessment. A compelling reason for the court in Adams reaching the conclusion it did was the addition of the adjective “true” to the noun “value” in Section 112 of the 1890 Constitution:
“(2) Property must be assessed at its “true” value. This must be done in order to prevent unjust discrimination by selecting different modes of valuation as had occurred under the Constitution of 1869: The Constitution of 1890 manifestly intending that stocks, bonds, and all other property should be assessed at what it was really worth, and not valued by any arbitrary rule, as had occurred under the Constitution of 1869...”
Significantly, Section 112 as amended in 1960 omits the word “true”.
It is also worth noting that in declaring the statute at issue in Adams unconstitutional, it was unnecessary to add the language that all property of every type and kind had to be assessed at the same value, and this part of the opinion, in my view is dictum. The case dealt only with personal property assessment of banks, not all personal property. There was no mention of the propriety of assessment of personal property as compared with real property.
The majority construes Adams as an ominous warning against any taxing body assessing classes of property differently. The subsequent cases, however, detected no such warning.
In Magnolia Bank v. Board of Supervisors, Pike County, 111 Miss. 857, 72 So. 697 (1916), the bank objected to the assessment against it. Under a statute, it was having to pay tax on actual value of its capital stock and surplus, while the other property in the county was being assessed at 66 cents on the dollar. This Court rejected the argument on several grounds, including the argument Section 112 of the Constitution was being violated. We stated:
“There is no merit in the contention that a denial of the relief sought would in any wise violate the Fourteenth Amendment of the Federal Constitution, guaranteeing due process of law and equal protection of the laws. Each state has the sovereign right to classify property for purposes of assessment and taxation, *408 and so long as property of the same class bears the same rate, or, to state differently, so long as there is no discrimination between property of the same class, there is no violation of these provisions of our Federal Constitution. Michigan Central Railroad Co. v. Powers, 201 U.S. [245] 300, 26 S.Ct. 459 [465], 50 L.Ed. [744] 764, and authorities there mentioned.” Ill Miss. 857 at 866, 72 So. 697 at 700.
See also: First National Bank v. Harrison County, 157 Miss. 197, 127 So. 686 (1930) [Cert, denied 282 U.S. 856, 51 S.Ct. 32, 75 L.Ed. 758], where we specifically rejected the argument that Section 112 required property be assessed and taxed the same.
In State v. Wheatley, 113 Miss. 555, 74 So. 427 (1917), the statute authorizing the state tax board (or commission) to raise the assessment on any class of property in a county was challenged as unconstitutional. This Court held the statute constitutional, and throughout our opinion repeatedly recognized that property was assessed by classes.[3] In State Tax Commission v. Fondren, 387 So.2d 712 (Miss.1980), we quoted at length and approved Wheatley.
State, ex rel. Knox v. GM & N R. Co., 138 Miss. 70, 104 So. 689 (1925) is also interesting. In that case the railroad challenged the income tax as a tax on its property and therefore a violation of Section 112. While rejecting the argument that an income tax was a tax on property, we also stated:
Assuming that the equality clause of Section 112 of the state constitution applies to taxes for general purposes other than to such as are ad valorem, it is well settled that the legislature may make a reasonable classification of the subjects of taxation, and, if all of the same class are taxed alike, the equality clauses of both the state and Federal Constitutions are complied with. 138 Miss. 70 at 102, 104 So. 689 at 691.
In State Tax Comm. v. Flora Drug Co., 167 Miss. 1, 148 So. 373 (1933), while addressing a tobacco tax, we stated:
... the power of the state to classify property for the purpose of taxation is large. It is enough that there is no discrimination in favor of one as against another of the same class. (Emphasis added). 167 Miss. 1 at 27, 148 So. 373 at 379.
Again, in State Tax Comm. v. Miss. Power Co., 172 Miss. 659, 160 So. 907 (1935), we stated:
There is no such thing as perfection and absolute equality in different schemes of taxation. A classification is not condemned unless one class is arbitrarily and unfairly discriminated against in favor of another class. 172 Miss. 659 at 667, 160 So. 907 at 909.
In Mathison, Sheriff v. Brister, 166 Miss. 67,145 So. 358 (1933), a privilege license tax was challenged, and inequality was one of the reasons for the taxpayer’s claim. We cited Bell’s Gap R. Co. v. Pennsylvania, 134 U.S. 232, 10 S.Ct. 533, 33 L.Ed. 892 (1890), and in speaking of the power of the state to tax, we said:
“It may impose different specific taxes upon different trades and professions, and may vary the rates of excise upon various products, it may tax real estate and personal property in a different manner; .. . (Emphasis added). 145 So. 358 at 360.
In City of Jackson v. Edwards House, 145 Miss. 135, 110 So. 231 (1926), the exemption of a hotel from ad valorem taxation was challenged. In holding there was no violation of Section 112, we stated:
If this statute should be construed to authorize a county or municipality to grant the exemption therein provided to particular hotels, and not, at the same *409 time, to all other hotels of the character described in the statute, it would violate Section 112 of the Constitution, which applies to municipalities (Adams v. Bank, 75 Miss. 701, 23 So. 395), and under which all property of the same class must be taxed alike. (Emphasis added).
Also, see: Miller v. Lamar Life Ins. Co., 158 Miss. 753, 131 So. 282 (1930): “The latitude of discretion is notably wide in the classification of property for purposes of taxation...” at 772, 286, 131 So. 282. Likewise, Knox v. Southern Paper Co., 143 Miss. 870, 108 So. 288 (1926) recognized classification of property at less than true value, and at different rates.
All of the cases I have cited were before the 1960 amendment to Section 112 when the word “true” was deleted. How much stronger the reasoning now that the legislative bodies are not precluded from assessing realty and personalty at a different rate under Section 112.
Our statutes have historically contained special methods of assessing personal property and real property, and there is no legislative requirement specifically directing that personal property and real property be assessed the same. Miss.Code § 9752 (1942) on personal property; Miss.Code § 9769 (1942) on lands. Also, Miss.Code Ann. § 27-35-15 (1972) on personal property; Miss.Code Ann. § 27-35-49 (1972) on lands.
In my view, the sentence in Section 112, “Taxation shall be equal and uniform throughout the state,” prohibits disparity inter-county, as we stated in Fondren, supra. It has never been construed, absent our present holding and the dictum of Adams, to prohibit any variation within a county between the assessment of personal property and realty.
I hope the problem of this case will be moot, in view of the 1982 amendment to Section 112, except as to the parties involved in this case. Because of the precedence in our interpretation, however, I am constrained to dissent.
I would reverse the circuit judge and reinstate the assessment of the Board.
BOWLING and DAN M. LEE, JJ., join . this dissent.

. All property in Washington County has been appraised at its true value. The “assessment ratio” is the percentage of true value used to establish the assessed value in a given year for. tax purposes. The assessed value is then multiplied by the millage levy to arrive at the actual tax.

. See also Adams v. Bank of Oxford, 78 Miss. 532, 29 So. 402 (1901) which says: “We adhere to the decision of the court in the case of Adams v. Bank, 75 Miss. 701 [23 So. 395]

. See Appendix “A”.

.Virtually every state which allows different assessment ratios on different types of taxable property has done so only on the basis of a specific constitutional amendment permitting property of one type to be assessed at a differ *404 ent ratio of value than classes of other property. See, e.g., Kroger Co. v. Schneider, 9 Ohio St.2d 80, 223 N.E.2d 606, 609-610 (1967) (1931 constitutional amendment); Kentucky Finance Co. v. McCord, 290 S.W.2d 481, 482 (Ky.1956) (1915 constitutional amendment); Jamison v. City of Charlotte, 239 N.C. 682, 80 S.E.2d 904 (1954) (constitutional amendment); National Can Corp. v. State Tax Comm., 220 Md. 418, 153 A.2d 287, 291 (1959) (1915 constitutional amendment); People v. Keith Ry. Equipment Co., 70 Cal.App.2d 339, 161 P.2d 244, 251 (1945) (1910 constitutional amendment); Snow v. City of Memphis, 527 S.W.2d 55, 66-67 (Tenn.1975) (1968 constitutional convention). Most recently, Alabama has adopted a constitutional amendment specifically permitting property to be divided into classes for ad valo-rem assessment purposes (including separate classes for real and personal property). Amendment 373 (1978).

. The parties have stipulated that the original appraisal of the property, both real and personal, in Washington County was lawfully done according to uniform rules and that the true value of all of the property is correct as reflected by the assessment rolls of Washington County.

. Amoskeag Mfg. Co. v. City of Manchester, 70 N.H. 200, 204, 46 A. 470, 473-474 (1900); In Re Kents, 34 N.J. 21, 166 A.2d 763, 768-769 (1961); Baken Park, Inc. v. City of Pennington, 79 S.D. 156, 109 N.W.2d 898, 901-902 (1961); Appeal of General Motors Corp., 376 Mich. 373, 137 N.W.2d 161, 165 (1965); Southern Bell Telephone v. County of Dade, 275 So.2d 4, 10 (Fla.1973).

. It is well settled the state may do so under the U.S. Constitution. See: Bell’s Gap R. Lo. v. Pennsylvania, 134 U.S. 232, 10 S.Ct. 533, 33 L.Ed. 892 (1890).

. The 1982 Constitutional amendment does not apply.

. Indeed, appellants’ brief states that in the majority and dissenting opinion in Wheatley the assessment of property by class is mentioned or referred to a total of 28 times. I have not checked counsel’s arithmetic, but suffice it to say that in that case, this Court upon numerous occasions recognized the authority of the State Tax Commission to raise the assessment of a particular class of property in a county. The esteemed members of that Court were quite oblivious of the sword of Damocles — our present interpretation of Section 112 — we drop 67 years later.