J. M. A. BRENNAN ET AL. *v.* MISSISSIPPI HOME INSURANCE CO.

1. TAXATION.    *Domestic insurance company.*    *Const.* 1890, § 181.

   Under § 181, constitution 1890, domestic insurance companies are protected against an aggregation of taxes, whether state, county, or municipal, in excess of the tax required of foreign insurance companies doing business in this state, until their assets become sufficient to yield an *ad valorem* tax, which, added to the privilege tax, will exceed the tax required of such foreign companies.

2. CONSTITUTIONAL LAW.    *Exemption from taxation.*    *Const.* 1890, § 112.

   The provision of § 112, constitution 1890, that no county shall be denied the right to levy county or special taxes upon certain assessments, applies only to assessments of railroad or other like property not situated wholly in one county. With the exception of this provision, there is no limitation in the constitution on the power of the legislature to exempt property from taxation by counties, cities, towns, or villages.

FROM the chancery court of Warren county.
HON. CLAUDE PINTARD, Chancellor.

The appellee is a domestic insurance company, chartered under the laws of this state, and domiciled in Vicksburg. It paid for the year of 1892 the privilege tax of $1,000, required to be paid by every fire insurance company, whether domestic or foreign, doing business in this state. Its assets were also assessed for said year for the purpose of *ad valorem* taxation by the county and state, and, after the time for the payment of *ad valorem* taxes for that year had expired, Brennan, tax-collector for said county, and the tax-collector for the city of Vicksburg, were proceeding to enforce the payment of said *ad valorem* taxes by levy upon the property of the company, when it filed this bill, seeking to enjoin the collection of such taxes. The bill alleges that the amount of the *ad valorem* taxes claimed by the county is $280, and the amount claimed by the city is $400, the aggregate of the demand being $680, which is less than the amount of privilege tax required by law to be paid by foreign insurance companies for that year.

The sole question presented is whether the appellee is liable to pay such *ad valorem* taxes, in view of the provision of § 181, constitution 1890, which is as follows: "Domestic insurance companies shall not be required to pay a greater tax in the aggregate than is required to be paid by foreign insurance companies doing business in this state, except to the extent of the excess of their *ad valorem* tax over the privilege tax imposed upon such foreign companies."

The provision of § 112 of the constitution, reference to which is made in the opinion, is as follows: "The legislature may provide for a special mode of valuation and assessment for railroads, and railroad and other corporate property, or for particular species of property, belonging to persons, corporations, or associations not situated wholly in one county. But all such property shall be assessed at its true value, and no county shall be denied the right to levy county and special taxes upon such assessment as in other cases of property situated and assessed in the county."

The defendants demurred to the bill, and also moved to dissolve the injunction. These being heard together, the court overruled both the demurrer and the motion, and, by final decree, perpetuated the injunction; and from this decree defendants appeal.

*R. V. Booth,* for appellant.

I submit that § 181 of the constitution requires the *ad valorem* tax to be paid at all events. If appellee is entitled to any relief at all, the reduction must come from the privilege tax of $1,000, which is the amount required of foreign insurance companies. The section is obscure, but the general idea seems to be to place domestic insurance companies on the same footing with foreign. Foreign insurance companies must pay an *ad valorem* tax on all property owned within this state. Domestic companies must therefore do the same. Section 112 of the constitution requires that *ad valorem* taxes must be uniform throughout the state, and that the property of all private corporations for pecuniary gain shall be taxed in the same way and to the same extent as the property of individuals. This section undoubtedly has reference to *ad valorem* taxes. The construction contended for by appellee violates the rule of uniformity. Laws relieving from the common burden of taxation must be strictly construed. *Ice Co.* v. *Greenville,* 69 Miss., 86.

*Dabney & McCabe,* for appellee.

Section 181 of the constitution was intended to read as follows: "And domestic insurance companies shall not be required to pay a greater tax in the aggregate than *the privilege tax* required to be paid by foreign insurance companies doing business in this state, except," etc. This is obvious, since foreign insurance companies pay no tax except privileges. There was no occasion to make special provision for domestic companies in order to guard their rights against an excess of taxation generally over foreign companies. It

·seems preposterous that the constitutional convention should have felt called on to make a special provision that the legislature should not require a domestic corporation to bear a burden greater than it would require of foreign corporations. Especially is this so, since the constitution expressly prohibits any discrimination. No other motive can be ascribed to the convention than to afford some protection to domestic insurance companies. The privilege tax imposed by law upon fire insurance companies is directed at foreign companies, the number of domestic companies being so insignificant that no account is taken of them. The purpose of the provision was to make it possible for domestic fire insurance companies having limited capital to exist and do business in this state.

The *ad valorem* tax of appellee, added to the privilege tax, largely exceeds the privilege tax required of foreign companies; hence, having paid its privilege tax, it is exempt from *ad valorem* taxes.

CAMPBELL, C. J., delivered the opinion of the court.

The unmistakable purpose of § 181 of the constitution, as to " *domestie insurance companies,*" is to protect them from an aggregation of taxes whose sum shall exceed that required to be paid by foreign insurance companies doing business in this state, except when their assets are great enough to yield an *ad valorem* tax, which, added to any privilege tax required, will exceed the tax required of foreign insurance companies; and as the appellee, a domestic insurance company, has been required by law to pay a privilege tax of one thousand dollars, the only way to make the guaranty of the constitution effective is to exempt it from any *ad valorem* tax until that shall exceed the sum of one thousand dollars, which is the privilege tax required of foreign insurance companies of like character, and then tax any excess over the value which will produce the sum named. This is true, if the legislature may exempt such property from local taxation. The only provision of

the constitution in view of which it may be contended that this may not be done is that in § 112, but the clause referred to relates to railroads and other like property extending from county to county.

As the legislature has the right to exempt property from taxation by counties and cities, towns and villages, and has required of the appellee a privilege tax of one thousand dollars, which it has paid, in order to give effect to the constitutional provision, the legislative requirement of the privilege tax must be regarded as declarative of an implied immunity from state, county and municipal taxes until there shall arise an excess of taxation in the manner stated. This results necessarily, if the constitution and law both are to be upheld, and in this way each has its full operation.

*Affirmed.*