KNOX, ATTY. GEN., *v.* SOUTHERN PAPER Co.*

(Division B. May 10, 1926.)

[108 So. 288. No. 25713.].

1. PLEADING. *Court should require bill of particulars whenever in progress of suit defendant is placed in such situation that justice cannot be done at trial without aid of bill of particulars (Hemingway's Code, section* 546).

Under Hemingway's Code, section 546, the court should require bill of particulars, pointing out foundation of plaintiff's claim, when in progress of suit defendant is placed in such situation that justice cannot be done at trial without aid of bill of particulars.

2. PLEADING. *Statute authorizing bill of particulars applies to all causes in circuit courts brought originally as well as to causes on appeal from justices of the peace or other inferior tribunals, which are to be tried de novo (Hemingway's Code, section* 546).

Hemingway's Code, section 546, authorizing court to order bill of particulars under certain circumstances, applies to all character of causes in circuit courts brought originally in that court as well as all causes that come there by appeal from justices of the peace or other inferior tribunals, which are to be tried *de novo.*

3. CONSTITUTIONAL LAW. *Taxation. Constitutional requirement that property be assessed at its true value must be sacrificed rather than requirement that assessment shall be uniform and equal, otherwise it would deprive taxpayer of equal protection guaranteed by federal Constitution (Constitution* 1890, *section* 112; *Federal Constitution, Amendment* 14).

If in assessing property for taxes either requirement in Constitution 1890, section 112, that property be assessed at its true value, or requirement that its assessment be uniform and equal, is to be sacrified, it must be the former and not the latter, as otherwise

it would deprive taxpayer of equal protection of law guaranteed by Federal Constitution Amendment 14.

4. EVIDENCE.
It is matter of common knowledge that assessing officers of state systematically and universally assess property at lower level than its true value.

5. PLEADING. *Petition on appeal from order approving assessment of personal property, setting out amount of assessment with copy of assessment, held sufficient bill of particulars, since just value as compared with assessment of like property is determined from taxpayer's entire assessment (Laws 1918, chapter 120).*
On appeal under Laws 1918, chapter 120, from order of board of supervisors approving assessment of personal property, petition setting out amount of assessment and alleging undervaluation, together with copy of assessment, *held* sufficient bill of particulars, especially at beginning of trial, since equalization boards in determining just value as compared with assessment of like property determine question on view of taxpayer's entire assessment.

*Corpus Juris-Cyc References: Evidence, 23CJ, p. 94, n. 10. Justices of the Peace, 35CJ, p. 824, n. 69 New. Pleading, 31Cyc, p. 567, n. 31; p. 572, n. 98. Taxation, 37Cyc, p. 729, n. 77; p. 761, n. 58 New; p. 1107, n. 51 New; p. 1116, n. 99. Effect of bill of particulars on proof, see note in 8 A. L. R. 550; 21 R. C. L. 480; 3 R. C. L. Supp. 1159.

APPEAL from circuit court of Jackson county.

HON. W. A. WHITE, Judge.

Proceeding before the board of supervisors of Jackson county relative to approval of an assessment of the personal property of the Southern Paper Company. From an order of approval, Rush H. Knox, as attorney-general, appealed under Laws 1918, chapter 120, and from a judgment of the circuit court sustaining the Southern Paper Company's motion for a bill of particulars and dismissing the appeal, the attorney-general appeals. Reversed and remanded.

*J. L. Byrd,* Assistant Attorney-General, and *E. C. Sharp,* for appellant.

This is an appeal from the personal assessment of the Southern Paper Company, Incorporated, filed by Rush

H. Knox, Attorney-General, under the authority of chapter 20, Laws of 1918. The defendant filed a motion asking that the attorney-general be required to file a bill of particulars, more fully itemizing and particularizing the items for which claim was made and asking that the attorney-general be required to set out in detail what valuation the plaintiff claimed should be put on the various items of property and to specify whether or not said property should be assessed at its full value or at a proportionate value commensurate with the value of other personal property in the county of Jackson, state of Mississippi. This motion was sustained.

The attorney-general in open court declined to do so, thereupon the appeal was dismissed and from the judgment of the court dismissing said appeal this appeal is prosecuted. The statute governing appeals of this character and defining the duty of the court is so plain and this court has spoken so emphatically upon what the duties of the trial judge are in cases of this kind that we are at a loss to understand upon what theory the trial judge sustained the motion of defendants. *Robinson Land & Lumber Co.* v. *Roberson, Attorney-General,* 89 So. 160; *Attorney-General* v. *Wyoming Mfg. Co.,* 103 So. 11.

In every instance in which the court has spoken in regard to these appeals it has held that the case is tried *de novo* in the circuit court. This brings us then to the question: How is an assessment or a contest over an assessment made originally? See section 6, chapter 323, Laws of 1920. When the assessment rolls are equalized and corrected by the board of supervisors, the board is required to equalize the assessment and may increase or diminish the valuation of any property, and it is the duty of the board of supervisors to so increase or diminish the valuation of any item or piece of property so that property of the same value shall be assessed for an equal sum and no one, not even the learned judge in the court below ever heard of a board of supervisors being re-

quired to file a bill of particulars setting out all matters demanded in the motion on file in this case. On the contrary, see section 15, chapter 323, Laws of 1920.

It is, therefore, contended by the attorney-general that the court has no right to require him to furnish a bill of particulars, but on the contrary the attorney-general in order to present the facts to the court properly and to establish the true value of the property in question had a right by proper motion to require the defendant in the court below to produce all books, papers, records and memoranda which would show, or tend to show, or inform the court as to the true value of the property to be assessed and upon a failure of the defendant to produce its books, it could not be heard to complain of any assessment rendered. *Robertson, Rev.-Agt.,* v. *Greenwood Lumber Co.,* 127 Miss. 793; *Assurance Society* v. *Clark,* 80 Miss. 471, 31 So. 964.

*Ford, White, Graham & Gautier,* for appellee.

The sole point involved is the correctness *vel non* of the court's action in requiring a bill of particulars. The sole pleadings filed at any time by the attorney-general was the petition before the board of supervisors. At no time did the attorney-general inform the board of supervisors, the circuit court, the Southern Paper Company, or any of its representatives as to what items of assessment he objected to, or what valuation he contended should be put on the property, nor did he furnish any information of any kind.

We can only infer that the attorney-general claimed the right to review the whole assessment, thus converting the circuit court into an assessing board. On the other hand, we know and the court knows that the attorney-general did not intend to challenge the correctness of every item appearing on the assessment.

I. The practical necessity of a bill of particulars being furnished in a case of this kind. The Southern Paper

Company was assessed with personal property to the amount of eight hundred thirty-two thousand eight hundred ninety dollars. This total was made up of a number of items set forth. This was an unusually large assessment and was made up of a large number of items. As a practical proposition, we may conservatively state that it would probably have taken a week or more to have gone fully into the question of whether or not the various items embracing this assessment were correctly valued. The court knows that it would have been almost an endless job to go through the affairs of a large enterprise of this sort, and thus ascertain the precise value of all the property appearing on the roll. Both the court and appellee were entitled to know if the attorney-general expected to contest the correctness of all these valuations, and we will assume at this point that the attorney-general did have the right to question the valuation of each item. If this was his purpose, he should have so informed the court as requested by the motion.

On the other hand, we know as a matter of reason and of common sense that it was not the purpose of the attorney-general to go into the correctness of the valuation of all the items appearing on the roll. If he was dealing honestly with the board of supervisors and the court in taking this appeal, he knew, or had in mind, that there were some items on the Southern Paper Company assessment which were undervalued. If he did not know this, he was trifling with the court and acting unfairly in taking the appeal. It would have been easy, therefore, for him to advise the court and appellee just what he objected to and what valuation he contended for, and the issues could have been so narrowed that the case could have been tried with moderate consumption of time.

Having considered the practical necessity and propriety of a bill of particulars or further information as to what the attorney-general was contending for in this case, let us see what the law is on the subject of bills of particulars. See section 763, Code of 1906. Under that sec-

tion is cited the celebrated case of *Tilton* v. *Beacher,* 17 Am. Rep., 337, 59 N. Y. 176.

The general rule is that the assessment appealed from is *prima facie* correct.   37 Cyc., p. 1118, sec. F; *idem,* page 1104, sec. E.   Indeed, this court has held precisely the same in *Whittle* v. *City of Hattiesburg,* 132 Miss. 808. The usual procedure is for the party complaining of the assessment to file a declaration or pleading showing what valuation is contended for.   This question was discussed in the Alabama case of *State* v. *Schloss-Sheffield Co.,* 50 So. 366.   In *Farmers Loan Co.* v. *City of Newton,* 97 Iowa 502, it is held that it is discretionary with the trial court to allow pleadings to be filed although not provided for in the statute.

Again in *Del. & L. R. R. Co. Assessment,* 224 Pac. 240, it was held that on appeal the procedure should be as in cases between private litigants and usual rules of pleading and practice should prevail.   See, also, *In Re Lehigh, etc., Coal Company Assessment,* 225 Pac. 272. The general rule is well stated in 21 R. C. L., p. 480.

Assuming that the attorney-general had the right to controvert the correctness of all the items appearing on appellee's assessment he should have so stated and what value he claimed; if on the other hand he disputed only certain items, the court and the party should have been advised so that the issue would be proportionately narrowed.   The assessment here was *prima facie* correct, and the burden was on the attorney-general to show that it was incorrect.

Argued orally by *J. L. Byrd,* Assistant Attorney-General, for appellant, and *E. J. Ford,* for appellee.

Anderson, J., delivered the opinion of the court.

Appellant as attorney-general prosecuted an appeal from an order of the board of supervisors of Jackson county approving appellee's assessment of personal prop-

876 Knox Atty. Gen. *v.* Southern Paper Co. [Sup. Ct.

Opinion of the Court. [143 Miss.

erty in that county for the year 1925. This appeal was prosecuted by appellant under authority of chapter 120, Laws of 1918.

Appellant's petition for appeal set out in substance that the appeal was prosecuted under that statute; that appellee's assessment of personal property in Jackson county for the year 1925 as approved by the board of supervisors of that count amounted to eight hundred thirty-two thousand eight hundred ninety dollars; that the assessment was an undervaluation of the property assessed and less than the average value of other property of like kind and value in the state of Mississippi and in Jackson county. There was attached to appellant's petition as a part thereof a copy of the assessment in question as follows:

"Southern Paper Co., Moss Point. Eight hundred thirty-two thousand eight hundred ninety dollars. [Various items of personal property, to-wit:] Eleven mules, one thousand one hundred dollars; six horses, six hundred dollars; two automobiles, Dodge and Ford, six hundred dollars; ten vehicles, three hundred dollars; four watches or clocks, one hundred dollars—total number of things taxed, thirty-three; heating, lighting, water or sewerage systems, or baths, four thousand dollars; office or store fixtures, one thousand two hundred dollars; merchandise and all stocks of goods and materials on hand, seventy thousand dollars; machinery, tools, implements, and equipment, two hundred eighteen thousand nine hundred ninety dollars; materials, supplies, or articles on hand, manufactured by party, assessed ninety-five thousand six hundred dollars; supplies and materials on hand, to be used for manufacturing purposes, twenty-thousand dollars; boats, schooners, launches, and other watercraft, twenty thousand dollars; telephone, railroad, electric light, gas, water lines equipment, etc., four hundred thousand dollars."

Upon the trial in the circuit court appellee filed a motion for a bill of particulars, based on an affidavit set-

ting out the grounds therefor, which were that appellee was not advised and could not ascertain from appellant's petition for appeal as to what items of appellee's assessment was claimed to be undervalued, nor as to what valuation appellant claimed should be put upon the various items of the assessment, nor as to whether appellant claimed that the property should be assessed at its full value or at a value on a level with the assessed value of other like personal property in Jackson county and the state of Mississippi.

Appellant's position is that the court erred in requiring a bill of particulars because the assessment roll itself attached to appellant's petition for appeal was a sufficient bill of particulars. The trial court took that view. Appellee's position is that the assessment roll was insufficient as notice to appellee of the case it had to meet; that in order to properly defend the cause it was necessary that appellee know in advance how much undervaluation appellant would claim the assessment represented, and also whether appellant would claim that appellee's property should be assessed at full value or on a level with the assessment of other property of like kind and value in Jackson county and in the state. The trial court sustained appellee's motion for a bill of particulars, thereupon appellant declined to comply with the order of the court, whereupon the court dismissed appellant's appeal. From that judgment appellant prosecutes this appeal.

Section 763, Code of 1906 (Hemingway's Code, section 546), provides:

"If the pleading in any case be in vague and general terms, or do not specify the circumstances or the occasions on which the pleader relies, and the opposite party satisfy the court, by affidavit, that for the purpose of prosecution or defense at the trial it is necessary that his adversary be more specific, the court may order a bill of particulars to be rendered, specifying time, place, and circumstances relied upon, and persons present, or,

in case of contractual demands, more particularly itemizing the claim; and thereafter on the trial evidence shall not be admissible of matters not so specified.''

Where in the progress of a suit, if from any cause a defendant is placed in such a situation that justice cannot be done at the trial without the aid of a bill of particulars, the court should require such a bill so pointing out and particularizing the foundation of plaintiff's claim as that the defendant will know the case he has to meet. This is true under our statute as well as at the common law. The common-law courts had and exercised that authority in the absence of a statute requiring it. *Tilton* v. *Beecher,* 59 N. Y. 176, 17 Am. Rep. 337; 21 R. C. L. pp. 480, 600. And the statute applies to all character of causes in the circuit courts brought originally in that court as well as all causes that come there by appeal from justices of the peace, boards of supervisors, or other inferior tribunals which are to be tried *de novo.* In other words the application of the statute is universal in the circuit courts so far as such causes are concerned. But appellant argues that, conceding the application of the statute to a case of this character, still it was sufficiently complied with in the form of the copy of the assessment roll which was exhibited with appellant's petition for appeal from the order of the board of supervisors in question. It will be noted that the copy makes a separate item of each class of property, giving a total value for each class and not a separate value for each item making up the class. To illustrate: eleven mules, one thousand one hundred dollars; six horses, six hundred dollars, etc.

In order to determine whether or not appellant's petition for appeal and the copy of the assessment roll of appellee's property exhibited therewith constituted a sufficient bill of particulars in this case, it is necessary to consider the requirements of the law with reference to the valuation of property for assessment. Under section 112 of the Constitution taxation must be uniform and equal throughout the state and property taxed in pro-

portion to its value, and must be assessed for taxation under general laws according to its true value. But under the equality clause of the Fourteenth Amendment of the Federal Constitution as construed by the supreme court of the United States, if in assessing property for taxes either the requirement that it be assessed at its true value, or the requirement that its assessment shall be uniform and equal, is sacrificed, it must be the former and not the latter. Where there is a systematic scheme by the assessing officers of a state to assess property for taxes generally below its true value, a taxpayer whose property is assessed at full value is thereby deprived of the equal protection of the laws guaranteed by the Fourteenth Amendment of the Federal Constitution. *Sunday Lake Iron Co.* v. *Town of Wakefield,* 247 U. S. 350, 38 S. Ct. 495, 62 L. Ed. 1154; *Raymond* v. *Chicago Union Traction Co.,* 207 U. S. 20, 28 S. Ct. 7, 52 L. Ed. 78, 12 Ann. Cas. 757. It is a matter of common knowledge in this state that the assessing officers of the state systematically and universally assess property in the state at a lower level than its true value.

Furthermore in determining whether the property of the taxpayer is assessed at its just value as compared with the assessment of like property, the equalization boards dealing therewith determine the question on a view of the taxpayer's entire assessment. The question to be determined is whether the assessment as a whole represents a fair value. Some items of the assessment may be above the general level and others below. First, a general level must be fixed applying to all property of the kind involved. Where items are assessed below that general level and other items are assessed above, the items are not changed by the equalization board considering the matter, but the taxpayer is to be credited on the items assessed below the general level by the excess on the items assessed above, and in that manner the sum total of all the items worked out. *Robinson Land & Lumber Co.* v. *Robertson,* Attorney-General, 126 Miss. 535, 89 So.

160; *Redmond* v. *City of Jackson* (Miss.), 108. So. ——
(decided April 19, 1926, being No. 25664).

Applying those principles to the case in hand, we think
that appellant's petition for appeal and the copy of ap-
pellee's assessment exhibited therewith was a sufficient
bill of particulars, especially at the beginning of the trial
of the case. If it should develop during the progress of
the trial that appellee will be unduly burdened and put
to unnecessary expense for the want of more specific
notice of the case it is to meet, the trial court will be au-
thorized under the law in its discretion to require a fur-
ther and more specific bill of particulars.

*Reversed and remanded.*