State *ex rel.* Knox, Attorney-General, *v.* Edward Hines Yellow Pine Trustees.*

(Division A.    Jan. 24 1927.    Suggestion of Error Sustained Feb. 21, 1927.)

[111 So. 443.    No. 26162.]

Pleading.    *Petition for appeal from assessment, with exhibit containing assessment, held sufficient bill of particulars (Laws* 1918, *chapter* 120).

Petition for appeal under Laws 1918, chapter 120, from assessment, with exhibit containing assessment appealed from, *held* a sufficient bill of particulars.

---

*Corpus Juris-Cyc. References: Pleading 31Cyc, p. 587, n. 76.

Appeal from circuit court of Hancock county.

Hon. W. A. White, Judge.

Appeal by the state, on the relation of Rush H. Knox, attorney-general, from the assessment of the Edward Hines Yellow Pine Trustees. Appeal dismissed, and the attorney-general appeals, with cross-appeal by the trustees. Reversed and remanded on direct appeal, and cross-appeal dismissed.

See, also, 108 So. 907: 111 So. 443.

*E. C. Sharp,* for appellant.

*T. J. Wills,* and *H. C. Holden,* for appellee.

McGowen, J., delivered the opinion of the court.

In this case, the attorney-general filed with the clerk of the board of supervisors of Hancock county his petition for appeal from the assessment of the Edward Hines Yellow Pine Trustees for taxes for the year 1925, for the purpose of increasing that assessment. The appeal is prosecuted under chapter 120, Laws of 1918. The petition for appeal was almost identical in all the substantial details with the petitions filed in the cases of *Knox* v. *Southern Paper Co.* (Miss.), 108 So. 288, *Knox* v. *L. N. Dantzler Lumber Co.* (Miss.), 108 So. 290, and *Knox* v. *Dantzler Shipbuilding & Dry Docks Co.* (Miss.), 108 So. 290, in which cases the identical question here presented was before the court.

The Edward Hines Yellow Pine Trustees, upon the hearing of the case in the circuit court, made a motion that the attorney-general be required to furnish a bill of particulars. The attorney-general's position was that the copy of the assessment, made and filed as an exhibit to the petition, was a sufficient bill of particulars. The court, however, did not take the view of the attorney-general, and ordered that a bill of particulars be filed, which the attorney-general declined to do, and thereupon

judgment was entered upon the attorney-general's appeal by the circuit court, in favor of the Edward Hines Yellow Pine Trustees dismissing the appeal, and the attorney-general prosecutes an appeal here.

It was not necessary to file any further bill of particulars with the petition; and in this respect the court was in error. The petition, with the exhibits containing the assessments appealed from, called for an answer or pleading from the defendant. This case is ruled and con trolled by the case of *Knox, Attorney-General,* v. *Southern Paper Co.,* cited *supra.*

There is a cross-appeal here in which counsel for cross-appellant concedes that this court should affirm the lower court in overruling its motion to dismiss the attorney-general's appeal from the assessment. So that no error being pointed out to us by cross-appellant upon this concession of counsel, the case will be affirmed on cross-appeal.

*Reversed and remanded on direct appeal, and affirmed on cross-appeal.*

## ON SUGGESTION OF ERROR.

The suggestion of error of cross-appellant is sustained herein, and the last paragraph of the opinion is stricken therefrom, and, in lieu thereof, the following is inserted:

"The cross-appeal in this case by the Edward Hines Yellow Pine Trustees is dismissed at their request, and the order will be amended to show that the cause is reversed and remanded on the direct appeal, and the cross-appeal is dismissed."

*Suggestion of error sustained.*