RICHARDSON *v.* LIDDELL, d/b/a LIDDELL'S GARAGE.

No. 39342 November 8, 1954 75 So. 2d 468

*A. D. Somerville,* Cleveland, for appellant.

*B. A. Green,* Mound Bayou, for appellee.

Lee, J.

This cause originated in the justice of the peace court, where Thomas Richardson sought to recover $92.47 from Wesley Liddell on account of the repair of a truck. There was a judgment in that court for a lesser sum than demanded, and the defendant appealed.

In the circuit court, Richardson filed a declaration in which he alleged, in substance, that he contracted with Liddell to repair his truck for the sum of $70 subsequently increased to $92.47, for which amount Liddell agreed to stop it from knocking and leaking oil; that the work was performed, he paid the consideration, and obtained the truck; but that it continued to knock and leak oil; that he carried it back to Liddell several times, but it did not stop knocking or leaking oil. He attached to his declaration the receipted bill, showing payment. No pleading was filed by the defendant.

The cause went to trial before a jury. Richardson's proof conformed to the allegations of his declaration, namely, that the contract was made; that Liddell, for the sum of $92.47, agreed to stop the truck from knocking and leaking oil; that when the work was completed, he paid the consideration, obtained his truck, and drove it several miles to his home; that it knocked and leaked oil just as badly as before Liddell's work thereon; that he carried it back several times, but that Liddell never did comply with his contract. A witness, who saw the

truck after Liddell's attempted repair, corroborated Richardson and testified that the motor was wet all over with oil.

Liddell admitted that he made a contract with Richardson, but that his work was to put in rings and grind the valves, and do some other work. He testified that he "didn't contract to stop it from leaking, but quite naturally, if it was a leak it's right for me to fix that leak," but that the oil was "coming out of the breather cap" and that he did everything just like he agreed.

At the conclusion of the evidence, the defendant made a motion for a directed verdict on the ground that the plaintiff had shown no damage, and that there was no offer to return or pay for the parts which had been put in the truck. On the contrary, the plaintiff contended that he received no benefit whatever for the money which he paid the defendant. The court sustained the motion, and Richardson appealed.

The appellant had the right to rescind, stand on the contract, or recover damages for its breach. Y. & M. V. R. Company v. Baldwin, 78 Miss. 57, 29 So. 763.

In 17 C. J. S., Contracts, Section 533, pp. 1154-1155, it is said: "It is necessary and sufficient to state a cause of action ex contractu that the declaration, petition, or complaint show the making and existence of a valid and enforceable contract between plaintiff and defendant, the right of plaintiff and the obligation of defendant thereunder, a violation thereof by defendant, and damages resulting to plaintiff from the breach."

Without expressly designating the amount of his claimed recovery as "damages," the damnum clause of the declaration said: "Plaintiff states that the defendant did no good and he has refused to make good his job or refund the said $92.45 and therefore he sues the defendant. Receipted bill is attached." The plaintiff's proof showed that the truck knocked and leaked oil just as badly after Liddell's work as it had done before. The clear inference was that Liddell did not carry out

his contract; that Richardson received no benefit from the work; and that he was damaged in the amount which he had paid, that is, $92.47, by reason of Liddell's failure to carry out his contract.

 As against a peremptory, of course the evidence for the plaintiff, together with the reasonable inferences therefrom, must be taken as true. Hence the cause should have been submitted to the jury.

For the error in directing the jury to find a verdict for the defendant, the cause is reversed and remanded for a new trial.

Reversed and remanded.

*McGehee, C. J.,* and *Hall, Kyle* and *Holmes, JJ.* concur.