BALLENGER *v.* VICKSBURG HARDWOOD Co., INC.

No. 41463          April 25, 1960          119 So. 2d 778

*Prewitt & Bullard,* Vicksburg, for appellant.

656

*Dent, Ward, Martin & Terry,* Vicksburg, for appellee.

McGehee, C. J.

The plaintiff Martin L. Ballenger was employed as a truck driver by A. B. Bradford, an independent logging contractor, who delivered logs to the appellee Vicksburg Hardwood Co., Inc., at its Blakely mill north of Vicksburg, in August 1958.

The declaration alleged that the appellant Martin L. Ballenger was employed as a truck driver by A. B. Bradford, an independent logging contractor for the Vicksburg Hardwood Co., Inc. The answer of the appellee admitted this allegation to be true and hence it is both alleged and admitted that the appellant was an employee of Bradford, the independent contractor.

The testimony on behalf of the plaintiff was to the effect that on the 20th day of August, 1958, when he arrived at the appellee's mill he was directed by the em-

ployees and agents of the appellee to unload his truck-
load of logs at a place designated by the employees and
agents of the appellee; and the proof on behalf of the
appellant disclosed that "* * * after knocking out blocks
on the right hand side of the truck so that several of the
logs started rolling from the truck, he (the appellant)
heard someone call to 'look out' and that he (the appel-
lant) grabbed hold of the left (right) door to the cab
of the truck, (and that) about this time he was hit in
the back of the legs by a log rolling toward him." The
context in which this statement was used by the plaintiff
discloses that what he was undertaking to say was that
after the logs started rolling off of his own truck, a log
rolled off of a stack already on the yard and rolled
against the back of the legs of the plaintiff and pinned
him against his own truck and thereby injured him. None
of his logs struck the pile of logs.

There was no direct testimony as to any active negli-
gence on the part of the defendant Vicksburg Hardwood
Co., Inc., but the contention of the appellant is that if
the existing pile of logs on the yard of the appellee had
been properly stacked, then one of them would not have
rolled off the pile and injured the appellant. He there-
fore relies entirely on the doctrine of res ipsa loquitur,
since the pile of logs in question was in the possession
and under the control of the appellee. This is the only
question left in the case since the declaration alleged and
the answer admitted that the plaintiff was a truck driver
for an independent contractor, and therefore the Work-
men's Compensation act has no application.

■■■ It is well settled under our decisions that when
a peremptory instruction is requested on behalf of either
party, then all of the evidence and all reasonable infer-
ences that may be drawn therefrom are to be taken as
true against the party on whose behalf a peremptory
charge is asked. Long v. Patterson, 198 Miss. 554, 22
So. 2d 490; Allgood v. United Gas Corporation, 204 Miss.
94, 37 So. 2d 12; Thomas v. Mississippi Products Inc.,

208 Miss. 506, 44 So. 2d 556; Richardson v. Lidell, 222 Miss. 172, 75 So. 2d 468; Mock v. Natchez Garden Club, 230 Miss. 377, 92 So. 2d 562; Buntyn v. Robinson, 233 Miss. 360, 102 So. 2d 126. See also Stricklin v. Harvey, 181 Miss. 606, 179 So. 345, and the cases therein cited.

■■ ■ In the instant case the trial court sustained a motion for a peremptory instruction on behalf of the defendant at the close of the testimony offered by the plaintiff. We think that the plaintiff's case presented an issue for the determination of the jury under the doctrine of res ipsa loquitur since the defendant was in possession and control of the pile of logs from which the log fell and rolled against the plaintiff, and that it was a question for the jury to determine whether the log would have become dislodged and rolled against the plaintiff if the pile of logs had been properly stacked. We therefore think it was error for the court to have peremptorily instructed the jury to find for the defendant.

Reversed and remanded.

*Lee, Kyle, Holmes* and *Ethridge, JJ.,* concur.