303 So.2d 457 (1974)
AMERICAN NATIONAL INSURANCE COMPANY
v.
The BOARD OF SUPERVISORS OF HARRISON COUNTY, Mississippi.
No. 48200.
Supreme Court of Mississippi.
November 4, 1974.
Rehearing Denied December 9, 1974.
*458 White & Morse, Gulfport, for appellant.
Boyce Holleman, Jim W. Rose, Gulfport, for appellee.
GILLESPIE, Chief Justice:
This is an appeal from a judgment of the Circuit Court of Harrison County sustaining an assessment of ad valorem taxes.
The Tax Assessor of Harrison County raised the assessment on the real property of American National Insurance Company (hereinafter American National). The assessment was protested and after a hearing by the board of supervisors, the assessment was approved. American National then appealed to the circuit court, where a trial de novo resulted in a judgment affirming the action of the board.
Involved in this case is a regional shopping center owned by American National. It was assessed in 1971 by the Tax Assessor of Harrison County for $604,225; $50,000 for the land and $554,225 for the improvements.
The tax assessor raised the assessment on the improvements for 1972 to $1,500,000, but the assessment of the 35.5 acres of land upon which the shopping center is situated remained unchanged. Taxpayer does not contest the assessment of the land. The improvements consist of a regional shopping center with an enclosed air-conditioned mall. It has approximately seventy-three stores and is serviced by truck tunnels. The center has sprinkler and sewer systems and an adequate parking area.
The proof shows without dispute that in 1957 improvements were assessed on a basis of fifteen per cent of cost. In subsequent years the cost per square foot was obtained and adjusted downward to reflect 1957 costs, and the new improvements were assessed at fifteen per cent of cost thus determined. There has been no re-assessment of the whole county since 1957, and, according to the testimony of Mr. Wetzel, the present tax assessor, "We can't leave that base year (1957) until we have a general re-evaluation of the whole county."
The shopping center was built during 1963, and the improvements were assessed in 1964 at $400,000 and the land at $50,000. The structure was not then complete and an additional $100,000 was added to the assessed value of the improvements in 1965. In 1969, due to certain additions, the assessed value of the improvements was increased to $554,225, which represented ten to twelve per cent of the actual cost of about $5,000,000, according to Mr. Beeson, who served as tax assessor from 1956 through 1971. The cost figure was furnished Mr. Beeson by the then owner of the shopping center.
*459 The present tax assessor, Mr. Wetzel, took office in January, 1972. He had served as deputy tax assessor since 1955, and had long and varied experience in the complicated field of assessing property. He testified that during his nineteen years as deputy tax assessor, the cost approach had been used in assessing new buildings. There has been no re-evaluation in the past nineteen years except cultivatable land as ordered by the State Tax Commission.
The improvements on American National's shopping center were raised in 1972 from $554,225 to $1,500,000, because the tax assessor was of the opinion that there was more value than shown by previous assessments. He valued the improvements by using various criteria, as follows:
(a) He considered a cost per square foot basis, not what the shopping center actually cost, but a hypothetical cost of $23.18 per square foot. He estimated the shopping center contained 431,616 square feet. (This figure multiplied by $23.18 equals $10,004,858.08. If assessed at fifteen per cent the result would approximate the 1972 assessment on the improvements.) The $23.18 cost figure was obtained from a book published in 1968 entitled Encyclopedia of Real Estate Appraisers. The book showed average cost throughout the country and stated that regional shopping centers could be built from $18 to $30 per square foot. The $23.18 per square foot represents neither actual cost in 1963, when the shopping center was built, nor 1963 costs adjusted to the 1957 base year.
(b) He considered the income approach, using what he regarded as an average rental of $4.30 per square foot. The record does not show what capitalization percentage was used or to what extent the income approach was used in reaching the assessment figure.
(c) In making his estimate of the theoretical cost of $23.18 per square foot, and in making the assessment, the assessor used "enhanceable" values. These "enhanceable" values include the sprinkler system, sewer system, adequate parking, central strategic location, and the traffic factor.
(d) He considered the cost of replacing the shopping center.
(e) One of the lesser determining factors in making the assessment was the insurance coverage. He found that the amount of insurance was $9,973,000. It developed that the insurance on the shopping center was $6,100,000. The other $3,873,000 was on property not involved in this case.
Section 112 of the Mississippi Constitution of 1890 provides in part as follows:
Taxation shall be uniform and equal throughout the state. Property shall be taxed in proportion to its value. Property shall be assessed for taxes under general laws, and by uniform rules, and in proportion to its value.
Of the several requirements of the Constitution, uniformity and equality are paramount. And in order to assure uniformity and equality so that every taxpayer shall bear his fair share of the tax burden, the Constitution provides that property shall be assessed by uniform rules and in proportion to its value. The equal protection clause of the Fourteenth Amendment to the Constitution of the United States also requires uniformity and equality in taxation. Knox, Attorney General v. Southern Paper Company, 143 Miss. 870, 108 So. 288 (1926).
Sections 211 and 217 of the Constitution of Alabama are similar to section 112 of the Mississippi Constitution. In construing its Constitution, the Supreme Court of Alabama, in State v. Alabama Power Company, 254 Ala. 327, 48 So.2d 445 (1950), held that railroads and public utilities could not be put in a class to themselves and their property could not be taxed on a basis different from that used for property of other taxpayers. The opinion states that all property subject to tax must be taxed uniformly *460 or equally at the same rate and ratio of assessment no matter by whom owned.
The general rule employed in Harrison County in assessing improvements to real estate prior to 1972 was to determine the cost per square foot and adjust it to 1957 building costs. The assessment was fifteen per cent of the 1957 cost. The proof showed that after such determination taxes generally remained the same except where additional improvements were made. The testimony of the tax assessor who made the 1972 assessment of the shopping center involved in this case conclusively shows that he did not use the uniform rules applied to other taxpayers. He arrived at the assessed value by (a) considering a hypothetical cost per square foot rather than actual cost adjusted to 1957 construction costs; (b) by considering "enhanceable" values including the sprinkler system, sewer system, adequate parking, central strategic location and the traffic factor; (c) by considering the cost of replacing the shopping center; (d) by considering the income approach, and (e) by considering the amount of insurance coverage on the improvements.
There are 65,000 separate tracts of real estate in Harrison County, assessed for a total of $63,000,000. It thus appears that the 35.5 acres of land on which the shopping center is situated and the improvements thereon constitute 2.38% of the total assessed value of the real property of Harrison County.
The constitutional inhibition against inequality and lack of uniformity in assessing property for taxation requires this Court to hold as a matter of law that the improvements on American National's shopping center were not lawfully assessed. At least five other factors were considered rather than cost of construction per square foot adjusted to 1957 construction costs. The Constitution requires uniform rules in the assessment of property and such rules must be capable of being used as a yardstick to determine whether one taxpayer is being taxed equally with other taxpayers.
Other questions raised by American National need not be considered.
For the reasons stated, and because American National does not contest the validity of the 1971 assessment, we hold that American National was entitled to a peremptory instruction requiring the jury to return a verdict assessing the property in an amount not exceeding the 1971 assessment. The judgment of the trial court is therefore reversed and judgment is entered here vacating that part of the 1972 assessment representing the increase over the year 1971.
Reversed and rendered.
INZER, SMITH, ROBERTSON and BROOM, JJ., concur.