484 So.2d 998 (1986)
CITY OF JACKSON, MS, Dale Danks, Jr., Mayor, et al.
v.
Edwin Lloyd PITTMAN, Attorney General; Ray Mabus, Auditor of Public Accounts; Ed Peters, District Attorney; Joe Moss, County Attorney; and Miss. Ethics Commission.
No. 55378.
Supreme Court of Mississippi.
February 19, 1986.
John Hedglin, Jackson, for appellants.
Edwin Lloyd Pittman, Atty. Gen. by Stephen J. Kirchmayr, Deputy Atty. Gen., Jackson, for appellees.
*999 Before WALKER, P.J., and DAN M. LEE and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:
In the face of rising city property taxes, the Jackson City Council adopted an order directing an ad valorem tax rebate to the elderly and disabled for the tax year 1982. The rebate would for those eligible restore taxes to their 1981 levels, except for increases in school district taxes. Altogether the City proposed to refund some $435,788.95 to approximately 6530 individuals.
Exercising commendable prudence, the City sought in the Circuit Court of Hinds County a declaratory judgment, Rule 57, Miss.R.Civ.P., that its rebate plan was within its authority. The Attorney General of the State of Mississippi opposed the plan. In due course the Circuit Court held that the City had no such authority and summarily granted a declaratory judgment against the City. The City appeals to this Court. We affirm.
We begin with Article IV, Section 112 of the Mississippi Constitution of 1890, which as amended establishes the general rule that taxation shall be uniform and equal throughout the state. Fondren v. State Tax Commission, 387 So.2d 712 (Miss. 1980). This section has been held applicable to municipal taxation. Adams v. Mississippi State Bank, 75 Miss. 701, 719, 23 So. 395 (1898); Adams v. Bank of Oxford, 78 Miss. 532, 535, 29 So. 402 (1900). Absent such a uniform and equal assessments equal protection violations may arise. Board of Supervisors v. Standard Oil Co., 353 So.2d 1137, 1138 (Miss. 1977); American National Insurance Co. v. Board of Supervisors, 303 So.2d 457, 459 (Miss. 1974); Knox v. Southern Paper Company, 143 Miss. 870, 879, 108 So. 288 (1926). While not all state tax exemptions or classifications are unconstitutional, only the legislature has the power to exempt property from county and municipal taxation. Adams v. Bank of Oxford, 78 Miss. 532, 29 So. 402 (1900); Adams v. Mississippi State Bank, 75 Miss. 701, 718, 23 So. 395 (1898); Brennan v. Mississippi Home Insurance Company, 70 Miss. 531, 535, 13 So. 228 (1893); Mississippi Mills v. Cook, 56 Miss. 40, 54-55 (1878). Our attention has been directed to no express constitutional nor legislative authority for the tax exemption or rebate Jackson would grant its elderly and disabled.
The City's position is further eroded by the provisions of Article IV, Section 100, of the Mississippi Constitution, which reads as follows:

Section 100. No obligation or liability of any person, association, or corporation held or owned by... any ... city ..., shall ever be remitted, released or postponed, or in any way diminished by the legislature, nor shall such liability or obligation be extinguished except by payment thereof into the proper treasury; ... .
This section has been held to prevent a municipality from remitting or releasing liability to it for due and unpaid taxes. Morris Ice Company v. Adams, 75 Miss. 410, 415, 22 So. 944 (1897). The City attempts to circumvent this prohibition, arguing that it has collected all taxes due, proposing now only to redistribute some moneys so collected to the defined class of citizens. The City seeks to do indirectly that which it is prohibited from doing directly. The Constitution may not be so circumvented.
The legislature has empowered municipalities to levy ad valorem taxes by Miss. Code Ann. § 21-33-45 (Supp. 1985). Article IV, Section 80 of our Constitution authorizes the legislature to prevent the abuse by municipalities of their power of taxation. Thus a municipality has no power concerning taxation beyond that authorized by the legislature and entailed thereby. Adams v. Kuykendall, 35 So. 830, 834, 83 Miss. 571 (1904). A municipality has no power to exempt from taxation property which by statute or its charter it is authorized to tax, since delegation of power to tax does not include power to exempt from taxation or power to remit or compromise taxes. Myers v. Mississippi-Alabama *1000 State Fair, 257 So.2d 233, 235 (Miss. 1972). We have no occasion today to consider the extent to which this governing principle may have been altered by the so-called home rule act which became law in 1985. Miss. Code Ann. § 27-17-5 (Supp. 1985). This case concerns the City's 1982 taxes and 1982 taxes only. Accordingly, we proceed today in accord with the traditional view that municipalities are authorized to exercise only those powers granted them by the Legislature. City of Jackson v. Freeman Howie, Inc., 239 Miss. 84, 121 So.2d 120, 123, 124 (Miss. 1960).
This Court in Adams v. Lambfish Lumber Co., 103 Miss. 491, 60 So. 645 (Miss. 1913) considered the authority of a municipality to grant a tax exemption to a manufactory not specifically exempted by state statute. In this regard, the Court stated:
The power to exempt from taxation a selected class of property must be strictly construed, and cannot be broadened to cover property not included in the definitions. The theory is that all property is subject to taxation, and the makers of our Constitution carefully limited the authority of the Legislature to confer upon cities and towns the power to exempt the class of property specifically mentioned in Section 192.
60 So. at 646.
A rebate of ad valorem taxes, which is what is the end result of the ordinance in question, is repugnant to both statutory law[1] and the Mississippi Constitution of 1890. Thus this ordinance was an ultra vires act and beyond the authority of the City of Jackson to enact.
The City concedes the lack of express statutory authority for its plans but nevertheless argues that municipalities are vested with certain legislative powers that are "clearly implied" from an express grant of authority or "are necessarily or reasonably incidental thereto". Tullos v. Town of Magee, 181 Miss. 288, 179 So. 557, 558 (1938). The City seeks to vindicate its actions under its authority to provide for the general welfare of its citizens and under its police power. The proposed payment of $435,788.95 to 6530 people is called a redistribution of public moneys to a class whose general welfare the City was otherwise authorized to promote.
The municipal power construed under the police power may well be increasing in scope, and extending to all great public needs. When money is disbursed to a select group of individuals, the act is properly questionable. The general rule is that whether the performance of an act constitutes a public purpose for which municipal funds may be lawfully disbursed rests in the judgment of the municipal authorities and the courts will not assume to substitute their judgment for that of the municipality unless the latter's exercise of judgment or discretion is shown to have been unquestionably abused. Hawkins v. Town of Shaw, 303 F. Supp. 1162, 1167 (N.D. Miss., 1969); Webb v. City of Meridian, 195 So.2d 832, 835 (1967). Where the municipality's conduct is nothing more than a ruse for circumventing the constitution and laws of the state, we will on proper application not hesitate to intervene.
The City's redistribution theory is disingenuous. Without contradiction the redistribution scheme is tied to 1982 property taxes. The undisguised reason for the scheme is that 1982 taxes were too high for some people. The amount of refund is to be computed by reference to the 1981 tax levels. If it looks like a duck, and walks like a duck, and quacks like a duck, it usually is a duck.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER and SULLIVAN, JJ., concur.
ANDERSON, J., not participating.
NOTES
[1] The legislature has provided some tax relief to the elderly and disabled. Miss. Code Ann. § 27-33-3(b) and (c) (Supp. 1985). The relief Jackson would afford is over and above that authorized by statute in 1982.